1   David T. Biderman, Bar No. 101577
    DBiderman@perkinscoie.com
2   Ofunne N. Edoziem, Bar No. 260000
    OEdoziem@perkinscoie.com
3   PERKINS COIE LLP
    1888 Century Park E., Suite 1700
4   Los Angeles, CA  90067-1721
    Telephone:  310.788.9900
5   Facsimile:   310.843.1284

6   Attorneys for Defendants
    CALIBER HOME LOANS, INC. and
7   SUMMIT MANAGEMENT COMPANY, LLC

8                   UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  DENISE ESTRADA,                    Case No.

12                  Plaintiff,         **NOTICE OF REMOVAL**

13       v.

14  CALIBER HOME LOANS, INC. AND
    SUMMIT MANAGEMENT
15  COMPANY, LLC AND DOES 1-100,
    inclusive,
16
                    Defendants.
17

18

19  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20       PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1332, 1441(b)

21  and 1446, defendant CALIBER HOME LOANS, INC. ("Caliber" or "Defendant"),

22  hereby removes to this Federal Court the state court action described below.

23       1.    On or about May 20, 2015, Plaintiff DENISE ESTRADA ("Plaintiff")

24  commenced an action in the Superior Court of the State of California in and for the

25  County of Orange, entitled *Denise Estrada v. Caliber Home Loans, Inc., et al.*, as

26  case number 30-2015-00788477 (the "Complaint").  A copy of the Complaint and

27  all process and pleadings received by Caliber are attached hereto as **Exhibit A**.

28       2.    Caliber was first served with a copy of the Complaint on May 26,

2015, when Caliber was served with a copy of the Complaint and a summons from the state court.  A copy of the summons for Caliber is attached hereto as **Exhibit B**.

    3.     This Notice is timely as to Caliber because it is filed and served within 30 days of service of the Complaint.  28 U.S.C. § 1446(b).

## GROUNDS FOR REMOVAL

### Federal Question Jurisdiction

    4.     This Court has federal question jurisdiction over this action.  28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").  Plaintiff alleges Defendant violated provisions of the Real Estate Settlement Procedures Act, specifically, 12 CFR §§ 1024.35, 1024.41.  (*See* Ex. A, the Complaint ¶¶ 82-103.) Because Plaintiff's claims arise under the laws of the United States, this Court has original jurisdiction over the action.

    5.     Plaintiff's remaining state law claims arise from a common nucleus of operative facts and are so related they form part of the same case or controversy. Therefore, Plaintiff's state claims are within this Court's pendent jurisdiction.  *See* 28 U.S.C. § 1367(a); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966) (claims arise from the same case or controversy if they arise from "a common nucleus of operative facts).

    6.     Accordingly, this action is removable pursuant to 28 U.S.C. § 1441(a).

### Diversity Jurisdiction

    7.     This Court also has original jurisdiction because the parties are diverse and the amount in controversy exceeds the jurisdictional limit.  28 U.S.C. §§ 1441(b), 1332.  Diversity jurisdiction exists because the civil action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interests and costs.

    8.     <u>Diversity of Citizenship</u>.  Complete diversity of citizenship exists in that:

1      (a)    Plaintiff is a citizen of the State of California.  (*See* Ex. A, the

2  Complaint ¶¶ 1, 10.);

3      (b)    Caliber is a corporation incorporated under the laws of the state

4  of Delaware with its principal place of business in the State of Texas (*see* Caliber's

5  Corporate Certification and Notice of Interested Parties filed concurrently

6  herewith);

7      (c)    Defendant Summit Management Company, LLC is a limited

8  liability company organized under the laws of the State of Delaware.  Citizenship of

9  a limited liability company is determined by the citizenship of its members.

10  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

11  The citizenship of each member of an unincorporated association or partnership

12  must be considered in determining diversity.  *Carden v. Arkoma Associates*,

13  494 US 185, 195 (1990); *Rockwell Int'l Credit Corp. v. United States Aircraft Ins.*

14  *Group*, 823 F2d 302, 304 (9th Cir. 1987).  Summit's only member is Caliber, with

15  citizenship stated above in paragraph 8, subsection (b);

16      (e)    The defendants identified as "DOES 1-100" in the Complaint

17  are fictitious parties against whom no cause of action can be validly alleged.  To the

18  best of Defendants' information and belief, no fictitiously designated defendant has

19  been served with process, and these fictitious parties may be ignored for purposes

20  of determining removal.

21      9.   <u>Amount in Controversy</u>.  The amount in controversy exceeds $75,000.

22  "'In actions seeking declaratory or injunctive relief, it is well established that the

23  amount in controversy is measured by the value of the object of the litigation.'"

24  *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir.2002) (quoting *Hunt v.*

25  *Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1997)).  Where

26  the object of the action is to stop an impending foreclosure or determine the validity

27  of a completed foreclosure, the value of the property or the loan amount securing

28  the property determines the amount in controversy.  *See, e.g.*, *Nguyen v.*

*Wells Fargo Bank, N.A.*, 749 F.Supp.2d 1022, 1028 (N.D. Cal. 2010) (finding statutory minimum met based on either amount of loan or value of property).

This action concerns a mortgage loan in the amount of $499,580.00 borrowed by Plaintiff and secured by real property in Fullerton, California. (Ex.A, Complaint ¶ 24.)  Plaintiff seeks to enjoin the foreclosure proceedings that commenced following her default. (*See* Complaint, ¶ 115, Prayer.)  She alleges a number of claims for relief relating to the validity of the debt, security, and efforts to collect on the loan.  Plaintiff also seeks an unquantified award of economic damages. (*See id.*)  Thus, the object of the litigation is, at a minimum, the deed of trust securing the $499,580.00 loan.

10.   <u>Consent of Defendants</u>.  All defendants consent to removal.

11.   <u>Intradistrict Assignment</u>.  Pursuant to 28 U.S.C. § 1441(a), assignment to the United States District Court for the Central District of California is proper because Plaintiff filed this action in the Superior Court of California, County of Orange.

12.   <u>Attachment of Pleadings</u>.  As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Caliber and being filed herewith.  A true and correct copy of the state court's docket is attached hereto as **Exhibit C**.

13.   <u>Notice to State Court/Plaintiff</u>.  Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly serve on Plaintiff and file with the Superior Court a "Notice to Adverse Party of Removal to Federal Court."  Pursuant to Federal Rule of Civil Procedure 5(d), Defendants will also file with this Court a "Certificate of Service of Notice to Adverse Party of Removal to Federal Court."

WHEREFORE, Defendant requests that this Court consider this Notice of Removal as provided by law governing the removal of cases to this Court, that this Court take such steps as are necessary to achieve the removal of this matter to this Court from Orange County Superior Court, and that this Court will make such other

orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the state court action.


DATED: June 17, 2015                    PERKINS COIE LLP


                                        By: */s/ Ofunne N. Edoziem*
                                            Ofunne N. Edoziem, Bar No. 260000
                                            OEdoziem@perkinscoie.com

                                        Attorneys for Defendants
                                        CALIBER HOME LOANS, INC. and
                                        SUMMIT MANAGEMENT COMPANY,
                                        LLC

## PROOF OF SERVICE BY OVERNIGHT DELIVERY

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1888 Century Park E., Suite 1700, Los Angeles, California 90067-1721. On June 17, 2015, I deposited with Federal Express, a true and correct copy of the within documents:

### NOTICE OF REMOVAL

in a sealed envelope, addressed as follows:

Mark S. Martinez, Esq.                      *Attorney For Plaintiff*
17272 Newhope Street                        *DENISE ESTRADA*
Suite J
Fountain Valley, CA  92708

Following ordinary business practices, the envelope was sealed and placed for collection by Federal Express on this date, and would, in the ordinary course of business, be retrieved by Federal Express for overnight delivery on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 17, 2015, at Los Angeles, California.

Carolyn A. Sanford

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Caliber Home Loans, INC and Summit Management Company, LLC
and DOES 1-100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Denise Estrada

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Central Justice Center | **CASE NUMBER:** *(Número del Caso):* 30-2015-00788477-CU-OR-CJC |
|---|---|

700 West Civic Center Drive.
Santa Ana, CA 92701

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark S. Martinez 17212 Newhope St., Ste J. Fountain Valley, CA 92708   Ph# 714-442-9741

| DATE: 0 5/28/15 *(Fecha)* | Clerk, by *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☑ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

1  **Mark S. Martinez, Esq. #293489**
   17272 Newhope St., Ste J
2  Fountain Valley, CA 92708
   (714) 442-9741 Phone
3  (714) 442-9741 Fax

4  Attorney for Plaintiff, DENISE ESTRADA

5

6

7

8

9

10                  SUPERIOR COURT OF CALIFORNIA

11        COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

12
   DENISE ESTRADA                    CASE No:
13        Plaintiff,

14  v.                               **COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

15  CALIBER HOME LOANS, INC           1.  **BREACH OF CONTRACT**
    AND SUMMIT MANAGEMENT            2.  **VIOLATION OF CAL CIVIL CODE §2923.55(f)**
16  COMPANY, LLC AND DOES 1-         3.  **VIOLATION OF 12 CFR 1024.35**
    100, inclusive                   4.  **VIOLATION OF 12 CFR 1024.41**
17                                   5.  **VIOLATION OF CAL CIVIL CODE §2924.10**
         Defendants.                 6.  **VIOLATION OF BUSINESS AND PROFESSIONS**
18                                       **CODE § 17200**
19
                                     **DEMAND FOR JURY TRIAL**
20

21  TO DEFENDANTS and to their counsel of record:

22

23

24      Plaintiff DENISE ESTRADA ("Plaintiff"), by her attorney, for causes of action against Defendant

25  CALIBER HOME LOANS, INC. (hereinafter "Caliber"); SUMMIT MANAGEMENT COMPANY, LLC.

26  ("SUMMIT") in its' capacity as Trustee, and DOES 1 through 100, inclusive (hereinafter collectively known

27  as "Defendants") allege the following:

28

_____

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

1

**EXHIBIT A
PAGE 9**

## I.

## PARTIES

1. Plaintiff DENISE ESTRADA, is a resident of the State of California, County of Orange.

2. Plaintiff owns and resides in the subject real property, commonly known as 1506 S. Gilbert Street, Fullerton, CA 92833 (hereinafter "Subject Property").

3. Defendant Caliber Home Loans, Inc., is a business organization of unknown form doing business in the State of California, County of Orange.  Caliber services single family resident mortgages for 1-4 single family homes including Plaintiff's residential mortgage loan.

4. Defendant Summit Management Company, LLC, is a business organization of unknown form doing business in the State of California, County of Orange.  Defendant is acting as Trustee for Defendant Caliber.

5. The true names and capacities of Defendants named herein DOES 1 through 100 are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names.  Plaintiff will amend the Complaint to show the true names and capacities of such DOES when they have been found. Plaintiff is informed and believes and thereupon alleges that each of DOES 1 through 100 were responsible in some manner for the occurrences and acts herein alleged, and that Plaintiff's damages and violations of Plaintiff's rights were actually and proximately caused by such Defendants.

6. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned Defendants were the agents, servants, representatives, partners and/or employees of co-Defendants, and, by engaging in the actions mentioned below, were, unless otherwise alleged, acting within the course and scope of their authority as such agent, servant, representative, partner, and/or employee, with the permission and consent of co-Defendants.

---

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

2

EXHIBIT A
PAGE 10

7.  Any allegations about acts of any corporate or other business Defendants means that the corporation or other business did the alleged acts through its officers, directors, employees, agents, and/or representatives, while acting within the actual or ostensible scope of their authority.  There is an action brought by Plaintiff, DENISE ESTRADA ("Plaintiff"), to remedy the damages caused by Defendants' breach of contract, negligent, unfair, and unlawful acts.

## II.
## JURISDICTION AND VENUE

8.  The Court has subject matter jurisdiction over the causes of action alleged in the Complaint because the Court is a court of general subject-matter jurisdiction and is not otherwise excluded from exercising subject-matter jurisdiction over said causes of action.

9.  This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to California Code of Civil Procedure (CCP) §§ 392 and 395 because the dispute arises over real property, a subject property, that is located in the County of Orange, and because Plaintiff's injury and damages occurred within the jurisdictional purview.

10. Further, this Court has personal jurisdiction over the parties, pursuant to CCP § 410.10.  Plaintiff is at all times relevant herein a resident of the County of Orange, California.  Defendants have availed themselves to this Court's jurisdiction because of their contact with this County by virtue of encumbering and claiming an interest to the real property, the Subject Property, located in Orange County, and because each Defendant resides in, is incorporated in, has its main place of business in and/or conducts business in the State of California, and a substantial portion of the acts, omissions, events, and transactions constituting the causes of action alleged herein occurred within County of Orange, California.

11. Finally, this Court is the proper venue for this action under CCP §§ 395 and 395.5 because the actions that give rise to the causes of action alleged in this Complaint occurred in this County, and

---

EXHIBIT A
PAGE 11

the Subject Property is located in this County.  Plaintiffs hereby designate the County of Orange as the place of proper venue.

## III.
## JURY TRIAL DEMAND

12. Plaintiff hereby respectfully requests a trial by jury on all appropriate issues raised in this Complaint.

## IV.
## PLAINTIFF'S AUTHORITY TO BRING A PRIVATE CAUSE OF ACTION BEFORE THE COURT

13. California's housing crisis amidst the Great Recession of 2008 has remodeled and changed the landscape of the loan process, especially the manner in which lenders, loan servicers, and banks that are too big to fail, are able to foreclose on the ordinary homeowner.

14. In response to blatant mortgage servicer violations and a foreclosure epidemic not seen since the 1930's, 49 state attorneys general initiated suit against the Nation's five largest mortgage servicers named the NATIONAL MORTGAGE SETTLEMENT ("NMS").  This suit against Ally/GMAC, BANK OF AMERICA, CITI, JPMORGAN CHASE, and WELLS FARGO resulted in a historic bipartisan, joint state-federal settlement which allocated $25 billion in funds for the relief of distressed borrowers in those states.  Consequently, the NMS settlement mandated a proliferation of new servicing standards that large servicers were required to adhere to.

15. With this political momentum, in late 2012 California legislature passed the Homeowner's Bill of Rights ("HBOR") to give California borrowers a real voice and a private right of action to enforce foreclosure violations in court and to hold servicers legally accountable for taking advantage of homeowners in order to increase profit.

16. HBOR is now codified in the following California Civil Code sections §§ 2920.5, 2923.4, 2923.5,

---

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

EXHIBIT A
PAGE 12

2923.55, 2923.6, 2923.7, 2924, 2924.9, 2924.10, 2924.11, 2924.17, 2924.18 and 2924.19.

17. The purpose of HBOR is to ensure that, as part of the non-judicial foreclosure process, borrowers are not only considered for, but have a meaningful opportunity to obtain, any available loss mitigation options offered by or through the borrower's mortgage servicer, such as loan modifications, or other alternatives to foreclosure. Cal Civ. Code § 2923.4(a).

18. Provisions of the HBOR apply only to mortgages or deeds of trust that are secured by owner-occupied residential real property containing no more than four (4) dwelling units. For these purposes, "owner-occupied" means that the property is the principal residence of the borrower and is security for a loan made for personal, family, or household purposes. Cal Civ. Code § 2924.15.

19. On the federal level, the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 ("Dodd-Frank Act") established a new government agency aptly named, the Consumer Financial Protection Bureau ("CFPB"). In its creation of the CFPB, the Dodd-Frank Act instilled in it the authority to enforce, reform and implement new laws under the existing federal framework provided by the Truth and Lending Act ("TILA"), and the Real Estate and Settlement Procedures Act ("RESPA"). Effective as of January 1, 2014, the CFPB's new RESPA and TILA laws are viewed to coincide with State Laws and are only preempted to the extent the law may be inconsistent with federal law. 12 CFR § 1024.5(c).[1]

20. Generally, RESPA laws apply to a mortgage loan that is secured by a property that is a borrower's principal residence. 12 CFR 1024.30(b) (1).

21. HBOR protects a homeowner who has become a victim of a foreclosure that is being wrongfully advanced. "If a trustee's deed upon sale has not been recorded, a borrower may initiate an action for injunctive relief to enjoin a material violation of Sections 2923.55, 2923.6. 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17" Cal Civ. Code § 2924.12(a) (1). "The rights, remedies, and

[1] At the present moment, the CFPB has only explicitly mentioned federal law preempts state law with respect to certain transfer notices and disclosures. 12 CFR § 1024.33(d).

procedures provided by this section are in addition to and independent of any other rights, remedies, or procedures under any other law." Cal. Civ. Code § 2924.12(h).

22. On the other hand, RESPA damages include actual damages, additional damages not to exceed $2,000.00 if a pattern or practice of noncompliance is shown, and reasonable attorney's fees and costs. 12 U.S.C. § 2605.

## V.
## FACTUAL BACKGROUND
### Origination of the Loan and the Subject Property and Plaintiff's Hardship

23. In or around 1998, Plaintiff acquired the Subject Property.  Plaintiff's ownership is documented in a number of written instruments that are on file in the Official Records of the Orange County Recorder's Office, including a Grant Deed.

24. On or around February 6, 2007, Plaintiff and her now deceased husband, Arnulfo E. Estrada III, obtained a first lien mortgage loan from Beneficial Financial I, Inc. (Doing Business as "HSBC") in the amount of $499,580.00.  Secured by the Subject Property through a Deed of Trust, recorded on February 6, 2007, in the official records of the Orange County Recorder's Office.

25. The Subject Property is a Single Family Residence, contains less than 4 units and is "owner occupied."  The subject property is and at all relevant times Plaintiff's principal residence and is security for the Loan, which was made for personal, family, or household purposes.

26. Plaintiff is a "borrower" as defined by Civil Code § 2920.5(c).  Caliber Home Loans has at all relevant times serviced the Loan in the capacity described by Civil Code § 2920.5(a).

27. Plaintiff's hardship began on or around September 9, 2012 when her husband unexpectedly passed away.  With the loss of her husband, Plaintiff entered into a difficult period of her life and as a result was placed on disability for over a year.

28. Sadly, while on leave for disability, Plaintiff lost her job.  As a reaction to the job loss, Plaintiff

EXHIBIT A
PAGE 14

applied for unemployment and started to receive food stamps in order to feed her family.  Plaintiff has always been proactive in searching for permanent employment.

29. In order to garner financial support and to retain the family home Plaintiff's adult daughter began to contribute to the household finances and planned to move into the family residence property as soon as Plaintiff was approved for a permanent solution.

### Plaintiffs' Injuries as a Result of Defendants' Breach of Contract

30. Because of this financial and emotional difficulty, Plaintiff sought relief from her loan servicing company which at the time was HSBC.  HSBC's representative told Plaintiff the only way she would qualify for a loan modification was if she brought her account current.

31. Out of desperation to save her home, on June 6, 2013 Plaintiff took all of her savings and a vast amount of her husband's insurance plan and endorsed a check in the amount of $43,439.25 to reinstate the loan to HSBC.  Once she made the payment, HSBC reviewed and offered Plaintiff the most temporary of loan modifications, good for 6 months.

32. Based on information and belief, Plaintiff alleges that HSBC agreed to a loan modification on or around June 2013.  Plaintiff received a verbal promise from HSBC that the loan modification agreement was good for a period of 6 months.  The payments for this temporary relief were $2,532.19 until January of 2014.

33. Plaintiff alleges that sometime between June and December of 2014 Plaintiff sought relief through a 3rd party company which successfully negotiated a loan modification with HSBC that Plaintiff asserts was good at least until December of 2014 and Plaintiff would be able to make the payment of $2,532.19.

34. On or around January of 2014 Plaintiff began making payments a new negotiated payment of approximately $2,532.19 upon the belief this payment would expire on December of 2014.  Again

---

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

7

this payment was based on a verbal agreement with Plaintiff's loan servicer, HSBC, yet this time

the agreement was for 12 months.

35. On or around May 16, 2014 Plaintiff received notification that her loan was transferred from

Beneficial Financial I Inc. to Caliber Home Loans.  On June 1, 2014 Plaintiff received her first

monthly mortgage coupon from Caliber Home Loans.  Inexplicably, Plaintiff was shocked to

discover that the first mortgage coupon reflected a new payment now due of $3,337.39.  Under the

belief this payment spike was merely a mistake by Caliber as a result of the transfer Plaintiff

phoned Caliber to notify them of their error.

36. As Plaintiff commenced communication with Caliber the standard answer Plaintiff received was

there was no evidence of a loan modification and the payment was always $3,337.39.

37. Plaintiff continued to make payments for the amount of the loan modification but Caliber did not

credit her account until the payment was in full, thus creating a delinquency in Plaintiff's monthly

loan payment due to this disagreement.

38. Despite Plaintiff's continual communication and insistence the new and lower payment be

honored, ultimately Caliber refused to honor the agreed upon modification payment.  Through

Plaintiff's communication with Caliber a representative advised Plaintiff that the only way she

would be approved for a lower payment was if she was delinquent.  Based on this advice by her

loan servicer coupled with the unexpected increase in payment, Plaintiff stopped the loan payment

in hopes of securing a lower payment and a permanent solution.

**Caliber's Receipt of Plaintiff's Documentation for Application Review and Failure to Provide**
**Plaintiff with a sufficient Single Point of Contact**

39. On August 26, 2014 Defendant sent a "Loss Mitigation Package" to Plaintiff with instructions and

a list of documents that were "required in order for Caliber to review your application for a loan

EXHIBIT A
PAGE 16

modification." The Loss Mitigation Package contains 4 Bullet Points of different documents required by the Plaintiff that are required for Caliber to review an application. The 3rd page of the Loss Mitigation Package contains a check list of 47 items that one must gather to be reviewed for a loan modification application.

40. On September 19, 2014 Defendant sent two letters to Plaintiff. One letter claims to have "received your request for Loss Mitigation assistance." The letter further lists documents that are needed for an evaluation. The second letter dated the same date, requested other different and vague documents needed from Plaintiff.

41. Defendant sent a letter on October 21, 2014 to Plaintiff that acknowledged certain documents were received and the "Additional document(s) have been received and will be evaluated."

42. Further, on October 24, 2014 Defendant sent a letter to Plaintiff which requested different documents. This letter requested 4 specific items/documents from the Plaintiff (1) a 2014 SSA Letter for Denise L Estrada; (2) 1 month recent bank statement showing SSA amount being deposited; (3) Lease Agreement for Denise Estrada; and (4) Expense Statement.

43. Plaintiff was confused of the requested document because the expense statement was turned in on August 26, 2014, further Plaintiff did not have a lease agreement, therefore on November 10, 2014, 4 days prior to the Notice of Default being recorded Plaintiff faxed in all the missing documentation she believed Caliber Home Loans needed to make a decision on her loan modification.

44. After Plaintiff faxed in this paperwork, Defendant's response was to pepper Plaintiff with a variety of correspondence which taken as a whole produced conflicting and unintelligible communications to the Plaintiff.

45. On November 12, 2014 Plaintiff received two letters from the Defendant one letter detailed the amount due and owed to reinstate the loan and bring it current. The second letter was a boilerplate

EXHIBIT A
PAGE 17

foreclosure alternative letter sent to Plaintiff that failed to acknowledge that any type of loss mitigation workout was pending at all.

46. Two days later, on November 14, 2014 Defendant sent three letters to Plaintiff.  The first letter stated to Plaintiff in vague and ambiguous terms that "additional document(s) have been received and will be evaluated, however other previously requested documents remain outstanding and must be submitted by the deadline previously provided."  Yet, this first letter failed to state what those documents were.

47. The second letter Plaintiff received on this date furnished Plaintiff with a deadline that Caliber Home Loans needed a complete package within 30 days of the date of the letter and the documents were required to be dated within 90 days of Caliber's receipt of documents.  The letter spelled out 3 main categories:  (1) Letter of Explanation or Plaintiff's hardship letter; (2) Borrower Monthly Expense Form; and (3) Documentation to verify all income for each borrower.  This letter contrasted with documentation Plaintiff had faxed in on November 10, 2014, thus Plaintiff disregarded and ignored it.

48. Finally a third letter was sent on this date that claimed Caliber lacked three undiscernible items (a) "complete with all pages signed; (b) "signed and dated Monthly Expenses S"; and (c) "recent 30D Cons VOI income doc for."

49. As if these three letters did not create enough confusion, additionally, Caliber falsely claimed that on November 14, 2014 it fulfilled its' due diligence and compliance under California Civil Code § 2923.55(f) by diligently attempting to contact Plaintiff without success.

50. Evidence clearly displays that on November 12th and November 14th, Defendants were successful in corresponding with Plaintiff, demonstrating capacity.  Yet the declaration of compliance states Defendant was unable to contact Plaintiff despite trying to do so 3 times and ultimately fulfilling this portion of the Code on November 14, 2014.

EXHIBIT A
PAGE 18

51. On January 13, 2015 Summit Trustee in its' Capacity as Trustee for Caliber Home Loans, Inc. recorded a Notice of Default on the Subject Property.

## VI.

### FIRST CAUSE OF ACTION CALIBER'S BREACH OF CONTRACT

52. Plaintiff re-alleges and incorporates by reference all paragraphs above, as though fully set forth in this cause of action.

53. "Any nonperformance of a duty under a contract when performance is due is a breach. This includes defective performance as well as an absence of performance." Linden Partners v. Wilshire Linden Assocs. (1998) 73 CR2d 708. Any breach of contract, whether total or partial, that results in measurable injury gives the nondefaulting party the right to recover damages as compensation for the breach." Borgonovo v. Henderson (1960) 182 CA2d 220, 231.

54. According to the Bureau of Financial Protection 12 C.F.R. Chapter X—Real Estate Settlement Procedures Act (RESPA) § 1024.33(b)(4)(vi), a notice of transfer of servicing a loan shall include "A statement that the transfer of servicing does not affect any term or condition of the mortgage loan other than terms directly related to servicing of the loan." 12 CFR 1024.33(b)(4)(vi).

55. In or around 2013 Plaintiff and HSBC entered into a loan modification agreement. When Caliber Mortgage assumed the servicing of the Loan on or around May 31, 2014, it also assumed the responsibility for actions related to the servicing of that loan and the obligation to honor execution the contractual obligations of the loan.

56. Upon information and belief, Plaintiff alleges that Defendant Caliber's actions have amounted to a breach of contract because it failed to honor the loan modification agreement between Plaintiff and HSBC when Caliber assumed the servicing obligations of the loan.

---

EXHIBIT A
PAGE 19

57. Caliber's breach of contract harmed Plaintiff because she was unable to make the higher payment charged by Caliber. This material breach ultimately forced Plaintiff into an involuntary foreclosure.

58. The contractual agreement that Plaintiff and HSBC entered was executed on or around May 2013. The contract was for a loan modification, with a new payment of $2,550.99.

59. Once the loan was transferred, Caliber did not uphold the contract and refused to acknowledge the $43,439.25 check that Plaintiff issued to HSBC to bring her account current.

60. Plaintiff's payment of $43,439.25 triggered her eligibility to resume payments under the original loan modification agreement between her and HSBC.

61. Prior to the loan being transferred to Caliber, Plaintiff alleges that HSBC's representative instructed her that she must pay her account current in order to qualify for a loan modification.

62. Immediately after, Plaintiff took her husband's life insurance money to deliver a $43,439.25 check to HSBC. She was desperate and thought she was being properly informed. As a result, Plaintiff used the last of her savings and wrote the check.

63. Upon Caliber assuming Plaintiff's loan and contractual obligations, Plaintiff experienced contradicting instructions from HSBC and Caliber.

64. Plaintiff alleges Caliber's representative instructed her to stop paying her mortgage so she could qualify for a loan modification.

65. Before Plaintiff stopped making her payments, Plaintiff started to receive her mortgage coupons with an unjustified increase in amount.

66. This is where the breach occurred. Defendant did not up hold the loan modification and started to request an increased payment. As described in Linden Partners v. Wilshire Linden Assocs., any non-performance of a duty under a contract when performance is due is a breach, including defective performance as well as an absence of performance.

---

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**
12

EXHIBIT A
PAGE 20

67. Defendant breached by non-performance and defective performance when it did not assume the contractual obligations of the loan. Defendant was well aware of the loan modification when they assumed the loan and failed to honor the contract.

68. Plaintiff continued to make her monthly mortgage payments under the agreed amount in the loan modification, but Defendant started to apply late fees as well as not credit her timely mortgage payment(s) to her account.

69. Predictably, Plaintiff stopped making her payments. Plaintiff alleges she stopped making payments per the instructions of the Caliber representative and because of Caliber's refusal to honor the loan modification agreement that Plaintiff secured with HSBC.

70. Plaintiff requests the Court award damages for the violations of breach of contract.

## VII.

## SECOND CAUSE OF ACTION VIOLATION OF CAL. CIVIL CODE § 2923.55(f)

71. Plaintiff re-alleges and incorporates by reference all paragraphs above, as though fully set forth in this cause of action.

72. Pursuant to Civil Code § 2923.55 a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent may not record a notice of default pursuant to Section 2924 until all of the following: "(2) Either 30 days after initial contact is made as required by paragraph (2) of subdivision (b) or 30 days after satisfying the due diligence requirements as described in subdivision (f).

73. A notice of default may be recorded pursuant to Section 2924 when a mortgage servicer has not contacted a borrower as required by paragraph (2) of subdivision (b), provided that the failure to contact the borrower occurred despite the due diligence of the mortgage servicer. For purposes of this section, "due diligence" shall require and mean all of the following: "the mortgage servicer

---

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

13

shall attempt to contact the borrower by telephone at least three times at different hours and on different days. Telephone calls shall be made to the primary telephone number on file." Cal. Civil Code § 2923.55(f).

74. Finally, If the borrower does not respond within two weeks after the telephone call requirements of paragraph (2) have been satisfied, the mortgage servicer shall then send a certified letter, with return receipt requested, that includes the toll-free telephone number made available by HUD. § 2923.55(f).

75. On January 13, 2015 Trustee Summit per the direction of Caliber Home Loans recorded a Notice of Default on the Subject Property. Included, within the Notice of Default was a page that purportedly showed Defendant's satisfaction of the aforesaid due diligence requirements. On this notice, Defendant Caliber submitted a signed 2923.55 declaration with box #2 checked which states "The mortgage servicer has tried with due diligence to contact the borrower as required by California Civil Code § 2923.55(f) but has not made contact despite such due diligence. The efforts were satisfied on November 14, 2014. The page was then signed by Caliber Home Loans, Inc. representative John West, Pre-FC Manager.

76. Plaintiff alleges that this declaration was defective for the following reasons. To begin, Plaintiff was in consistent contact with Defendant and was on the verge of completing a complete loan modification application. Second, on November 14, 2014 the day the compliance was fulfilled due to inability to contact the Plaintiff the Defendant sent correspondence that acknowledged the Plaintiff was had been in communications with Caliber. These communications are reinforced by the fax communications Plaintiff sent 4 days prior to the non-contact due diligence requirements were allegedly fulfilled.

77. Additionally, on November 12, 2014 Defendant Caliber sent Plaintiff correspondence that indicated it was indeed in communications with the Plaintiff.

EXHIBIT A
PAGE 22

78. Also, borrower alleges, reviews, and supplies phone records that indicate no incoming calls were fielded or made to the primary phone number on file by Caliber on November 14, 2014 the day these claimed due diligence requirements were fulfilled.

79. Finally, Plaintiff sent a resolution error notice under CFR 1024.35 which placed Caliber on notice of the failure to comply and requested further inquiry as to the content of the due diligence but was not furnished with this information.

80. Because Plaintiff and Defendant were in constant written communications, there was no phone call placed to Plaintiff on November 14, 2014 the day due diligence requirements were supposedly completed, and Caliber's lack of response to the notice of error by Plaintiff, Caliber is in violation of failure to comply with 2923.55.

81. Due to the failure of this portion of California Civil Code Plaintiff seeks an order enjoining Defendants from proceeding with foreclosure of the Real Property unless and until Defendants have remedied and adhered to these requirements.

## VII.

### THIRD CAUSE OF ACTION FAILURE TO RESPOND TO ERROR RESOLUTON NOTICE 12 CFR 1024.35

82. Plaintiff re-alleges and incorporates by reference of all paragraphs above, as though fully set forth in this cause of action.

83. A servicer shall comply with the requirements of this section for any written notice from the borrower that asserts an error and that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and the error the borrower believes has occurred. 12 CFR 1024.35.

EXHIBIT A
PAGE 23

84. Acknowledgment of receipt. Within five days (excluding legal public holidays, Saturdays, and Sundays) of a servicer receiving a notice of error from a borrower, the servicer shall provide to the borrower a written response acknowledging receipt of the notice of error.

85. Response to notice of error. (1) Investigation and response requirements. (i) In general. Except as provided in paragraphs (f) and (g) of this section, a servicer must respond to a notice of error by either:

86. Correcting the error or errors identified by the borrower and providing the borrower with a written notification of the correction, the effective date of the correction, and contact information, including a telephone number, for further assistance; or

87. Conducting a reasonable investigation and providing the borrower with a written notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information, including a telephone number, for further assistance. 12 CFR 1024.35

88. On or around March 31, 2015 Plaintiff sent an Error Resolution Notice to Caliber Home Loans. The Notice included potential inquiries and investigation of errors in two distinct and clear portions of the servicing requirements.  The first was proof of recordation of the substitution of trustee; and the second was a detailed request showing proof of compliance that were allegedly fulfilled on November 14, 2014.

89. First, Plaintiff never received a written acknowledgment by Caliber that they were in receipt of the notice until a response was received on April 21, 2015.  Thus this portion shows that Caliber was in violation of failure to acknowledge the notice within 5 days as required by law.

90. More importantly, in the April 21, 2015 response letter by Caliber, the Defendant competently

**EXHIBIT A
PAGE 24**

addressed the issues of substitution of trustee yet failed to address or reply at all in regards to the compliance requests and proof that the November 14, 2014 declaration was accurate.

91. Because Caliber did not supply a written acknowledgement within 5 days and completely ignored the detailed request that challenged the veracity of its' due diligence requirements, Defendant is in violation of 12 CFR 1024.35.

92. Plaintiff requests damages and Attorney's fees for Defendant's failure to adhere to this section of the Code of Federal Regulations.

## VIII.

## FOURTH CAUSE OF ACTION VIOLATION OF 12 CFR 1024.41 FEDERAL DUAL TRACKING

93. Plaintiff re-alleges and incorporates by reference of all paragraphs above, as though fully set forth in this cause of action.

94. Facially Complete Application. If a borrower submits all the missing documents and information as stated in the notice required pursuant to § 1026.41(b)(2)(i)(B), or no additional information is requested in such notice, the application shall be considered facially complete. If the servicer later discovers additional information or corrections to a previously submitted document are required to complete the application, the servicer must promptly request the missing information or corrected documents and treat the application as complete for the purposes of paragraphs (f)(2) and (g) of this section until the borrower is given a reasonable opportunity to complete the application.

95. If the borrower completes the application within this period, the application shall be considered complete as of the date it was facially complete, for the purposes of paragraphs (d), (e), (f)(2), (g), and (h) of this section, and as of the date the application was actually complete for the purposes of

EXHIBIT A
PAGE 25

paragraph (c). A servicer that complies with this paragraph will be deemed to have fulfilled its

obligation to provide an accurate notice under paragraph (b)(2)(i)(B).  12 CFR 1024.41.

96. The notice referred to in 12 CFR 1026.41(b)(2)(i)(B) is a notice sent by the loan servicer that must

include the specific documents missing in order for the borrower's loan modification application to

be complete.  Plaintiff alleges that the law misidentifies 12 CFR 1026.41(b)(2)(i)(B) for 12 CFR §

1024.41(b)(2)(i)(B).

97. Plaintiff alleges that on October 24, 2014 Plaintiff received written correspondence from Caliber

under 12 CFR § 1024.41(b)(2)(i)(B) that indicated it was missing four primary documents or items

The first document was an SSA Letter showing income for Denise Estrada; the second required

item was a bank statement showing the SSA deposit, the third item was a rental agreement, and the

final item was an expense statement.

98. Based on information and belief, Plaintiff alleges that on November 10, 2014 a facially complete

application was in Defendant Caliber's possession.

99. In response to the 1026.41 notice Plaintiff received on October 24, 2014, Plaintiff faxed in proof of

Denise Estrada's SSA Letter and a bank statement that showed this deposit.  In addition, on

September 18, 2014 approximately 36 days prior to the notice, Plaintiff already faxed over the

expense sheet signed and dated.

100.  Moreover, Plaintiff did not send over a rental agreement because she never possessed any rental

income, but rather this income was contribution from her daughter, Crystal Espinoza.  Plaintiff sent

over the documents that she did have and that comprised all that could be supplied, therefore

Plaintiff alleges that the loan modification application was facially complete as of November 10,

2014.

101.  Because the loan modification application was facially complete on this day, Plaintiff alleges

this triggers the borrower protections provided under 1024.41(f)(2) which provide in part "If a

borrower submits a complete loss mitigation application during the pre-foreclosure review
period... a servicer shall not make the first notice or filing required by applicable law for any non-
judicial foreclosure process. 12 CFR § 1024.41 (f)(2). The law continues stating that the servicer
may proceed with the filing if one of three exceptions apply, namely (1) A notice by the servicer to
the borrower outlining the borrower is not eligible for any loss mitigation option; (2) rejection of
all loss mitigation options by the borrower; or (3) failure of performance on a loss mitigation
option by the borrower. Id.

102.   Plaintiff alleges based on information and belief that none of these exceptions occurred,
therefore prior to the recordation of the Notice of Default on January 13, 2015, Caliber should have
treated the documents the Plaintiff supplied as complete loss mitigation application, but it did not,
thus triggering a violation under 12 CFR 1024.41.

103.   Because of this violation of federal law Plaintiff requests damages and attorney's fees for the
violation.

## VIII.

## FIFTH CAUSE OF ACTION VIOLATIONS OF CAL. CIVIL CODE § 2924.10

104.   Plaintiff re-alleges and incorporates by reference of all paragraphs above, as though fully set
forth in this cause of action.

105.   Pursuant to Civil Code § 2924.10 "When a borrower submits a complete first lien modification
application... the mortgage servicer shall provide written acknowledgement of the receipt of
documentation within five business days of receipt."

106.   Furthermore, Civil Code § 2924.10 (a) requires "the mortgage servicer to include additional
information such as" (1) A description of the loan modification process also including an estimate
of when a decision will be made. (2) Any deadlines, including deadlines to submit missing

---

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**
19

EXHIBIT A
PAGE 27

documentation.  (3) Any expiration dates for submitted documents.  (4) Any deficiency in the borrower's first lien loan modification application.

107.   For purposes of this section, an application shall be deemed "complete" when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer.  Civil Code § 2924.10 (b)

108.   Plaintiff alleges she submitted all documents required by the mortgage servicer to make the application complete prior to the January 12, 2015 recording of the Notice of Default.

109.   On September 18, 2014 Plaintiff sent eight pages of documents to Defendant.  Plaintiff received two pieces of correspondence from Defendant dated September 19, 2014.

110.   Both letters requested different types of documents.  One letter seems to be tailored to Plaintiff, while the other is a robo-correspondence.  Defendant's correspondences did not comply with Civil Code § 2924.10 because the failed to include any information regarding what documents Defendant had received.

111.   On October 21, 2014 Defendant sent correspondence to Plaintiff which stated "Additional document(s) have been received and will be evaluated."  Once again, Defendant failed to abide by Civil Code § 2924.10.  Defendant did not provide Plaintiff a receipt of the documents submitted.

112.   Similarly, on November 14, 2014 Defendant sent Plaintiff another letter in violation of Civil Code § 2924.10.  Defendant failed to provide any sort of deadline to submit the documents.  Rather, Defendant once again stated "Document(s) have been received and will be evaluated" but failed to tender a receipt.

113.   On the same day, Defendant sent the same grammatically incorrect robo-correspondence it had sent Plaintiff on September 18, 2014. This is evident as both letters contain the exact same language—even including the same misspelling.

---

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**
20

114.   Additionally, Plaintiff alleges that she continuously submitted additional documents when requested by Caliber, yet Defendant and its associates utterly failed to provide Plaintiff with any consistent receipts of documentation received, deadlines, and specific documentation that were still needed.

115.   Pursuant to Civil Code § 2923.6 Plaintiff seeks an order enjoining Defendants from proceeding with foreclosure of the Real Property unless and until Defendants have remedied and adhered to these requirements.

116.   In conclusion, Plaintiff received numerous letters that were in violation Civil Code § 2924.10. This repetitive type of conduct demonstrates a companywide policy and practice to simply ignore the minimum standards of Civil Code § 2924.10.  Defendant made the application process much more arduous due to its improper communication with Plaintiff which is evidenced by the aforementioned violations of Civil Code § 2924.10.  If Defendant were to comply with California regulations, Plaintiff and many other homeowners would be in a better position to fully cooperate and receive fair relief.

## XI.

## SIXTH CAUSE OF ACTION VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200

117.   Plaintiff re-alleges and incorporates by reference all paragraphs above, as though fully set forth in this cause of action.

118.   Plaintiff brings this action against Defendants pursuant to California Business and Professions Code § 17200, *et seq.*, referred to as the Unfair Competition Law ("UCL").

119.   Business and Professions Code § 17200 enables the Court to have jurisdiction via Bus. and Prof. Code § 17203, which provides in part that any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction.  Further,

---

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

21

Bus. and Prof. Code § 17204 allows actions for any relief pursuant to the UCL to be prosecuted exclusively in a court of competent jurisdiction by any board, officer, person, corporation, association, or by any person acting for the interests of itself, its members or the general public.

120.   As used in Business and Professions Code § 17200, *et seq.* unfair competition shall mean and include any unlawful, unfair, or fraudulent business act or practice. Written in the disjunctive, this language establishes three varieties of unfair competition. People ex rel. Bill Lockyer v. Fremont Life Ins. Co.(2002) 104 Cal App 4th 508.  A defendant may be found liable under the UCL for a practice that is unfair, unlawful, or fraudulent.

121.   An action based on Business and Professions Code § 17200 to redress an unlawful business practice "borrows" violations of other laws and treats these violations, when committed pursuant to business activity, as unlawful practices independently actionable and subject to the distinct remedies provided under Business and Professions Code § 17200. People ex. Rel. Bill Lockyer v. Fremont Life Ins. Co., (2002) 104 Cal App 4th 508.

122.   Plaintiff asserts and alleges that Defendants engaged in unlawful or unfair business practices in a manner whereupon Defendants' actions resulted in breach of contract in connection with the servicing of Plaintiff's mortgage loan and failing to correctly review Plaintiff's loan modification. These unfair business practices include, inter alia:

    a.   Breach of Contract of the original loan to Plaintiff;

    b.   Violation of Cal Civil Code §§ 2923.55(f)

    c.   Violation of 12 CFR 1024.35 and 1024.41.

    d.   Foreclosure on the Subject property without legal authority.

123.   Plaintiff alleges these acts and omissions are contained within the Defendants' policies and procedures to circumvent and counteract the protections provided by California and Federal legislature and other consumer protection laws.

EXHIBIT A
PAGE 30

124.   Defendants' acts include, but are not limited to, active deception, falsifying information such as fraudulent compliance documents, and refusal to institute policies and procedures that ensure compliance with all lending laws.

125.   As a direct and proximate result of the Defendants' unlawful business acts and omissions Plaintiff has been harmed in the respect that she has lost a meaningful opportunity to retain her home, potential lost equity in the Subject Property and monetary damages from breach of contract.

126.   Because of Defendants injurious practices Plaintiff is entitled to injunctive relief, full restitution, rescission, and/or disgorgement of all revenues, earnings, profits, compensation, and benefits which were obtained by Defendants' unlawful and unfair business practices.

127.   Further, under Business and Professions Code §§ 17203, and 17204 Defendants should be enjoined from such practices and Plaintiffs should be compensated for the harm done to them thus far for such practices.

## PRAYER

**WHEREFORE, Plaintiff prays for judgment against each Defendant, jointly and severally, as follows:**

128. For damages sustained by Plaintiff due to Defendants' wrongful acts in excess of the jurisdictional limits in an amount to be proven at trial;

129. Pursuant to Business and Professions Code § 17200, *et. seq.*, that all Defendants their employees, agents, representatives, successors, assigns, and all persons who act in concert with them, be permanently enjoined from failure to adhere to federal and state laws, making any false or misleading statements or falsely reporting negative credit to reporting agencies, and from selling the foreclosed property on an unlawfully procured debt;

130. For disgorgement of all monies acquired by Defendants by means of any act or practice declared by the Court to be wrongful;

---

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**
23

131. For interest on the sum rate of 10% per annum;

132. For punitive damages against Defendants due to their intentional, reckless or willful wrongful acts;

133. For reasonable attorney's fees and costs of suit, as allowed by law, and all other relief granted under Civil Code § 2924.12 and violations under the Real Estate and Settlement Procedures Act

134. For Injunctive relief as set forth herein; and

135. For such other and further relief as the Court deems just and proper.

Dated: May 19, 2015          **LAW OFFICES OF MARK S. MARTINEZ**

By: _____

Mark S. Martinez, Esq.
Attorney for Plaintiff, Denise Estrada

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**
24

1 | **Mark S. Martinez, Esq. #293489**
17272 Newhope St., Ste J
2 | Fountain Valley, CA 92708
(714) 442-9741 Phone
3 | (714) 442-9741 Fax

4 | Attorneys for Plaintiff, DENISE ESTRADA

5

6

7

8

9 | SUPERIOR COURT OF CALIFORNIA

10 | COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

11

12 | DENISE ESTRADA          CASE No: 30-2015-00788477-CJ-OR-CJC
            Plaintiff,

13 | v.

**TABLE OF CONTENTS**

14 | CALIBER HOME LOANS, INC
AND SUMMIT
15 | MANAGEMENT COMPANY,          **Date: May 22, 2015**
LLC AND DOES 1-100,          **Time: 8:30 a.m.**
16 | inclusive          **Dept: C17**
            Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**
1

EXHIBIT A
PAGE 33

1) Temporary Restraining Order ............................................................................... 11 Pages

2) Exhibit A ............................................................................................................. 2 Pages

3) Exhibit B ............................................................................................................. 2 Pages

4) Exhibit C ............................................................................................................. 2 Pages

5) Exhibit D ............................................................................................................. 3 Pages

6) Exhibit E ............................................................................................................. 1 Page

7) Declaration of Denise Estrada ............................................................................ 4 Pages

8) Declaration of Martin Pacheco .......................................................................... 3 Pages

9) Order ................................................................................................................. 2 Pages

**TABLE OF CONTENTS**

2

EXHIBIT A
PAGE 34

**Mark S. Martinez, Esq. #293489**
17272 Newhope St., Ste J
Fountain Valley, CA 92708
(714) 442-9741 Phone
(714) 442-9741 Fax

Attorney for the Plaintiff, DENISE ESTRADA

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

DENISE ESTRADA
    Plaintiff,

v.

CALIBER HOME LOANS, INC
AND SUMMIT
MANAGEMENT COMPANY,
LLC AND DOES 1-100,
inclusive

    Defendants.

CASE No: 30-2015-00788477-CJ-OR-CJC

**NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER/90 DAY STAY AND ORDER TO SHOW CAUSE RE: PRELIMANRY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

[Filed concurrently with Declaration of Denise Estrada, and Martin Pacheco; and Order]

**Date: May 22, 2015**
**Time: 8:30 a.m.**
**Dept: C17**

PLEASE TAKE NOTICE that on May 22, 2015, at 8:30 a.m. plaintiff, DENISE ESTRADA

("Plaintiff"), will, and hereby does, apply *ex parte* for a temporary restraining order restraining defendants,

CALIBER HOME LOANS, INC (hereinafter "Caliber"); SUMMIT MANAGEMENT COMPANY,

LLC.,("Summit") in its' capacity as Trustee, and their agents, servants, employees, and representatives,

from conducting a Trustee Sale on May 26, 2015 of Plaintiff's residential real property located at 1506 S.

---

**NOTICE OF EX PARTE AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**

1

EXHIBIT A
PAGE 35

Gilbert Street, Fullerton, CA 92833 ("Subject Property"), and for an order to show cause re: preliminary injunction, or in the alternative a 90-day stay order.

The hearing on this ex parte application will take place in Department C17 of the Orange County Superior Court, Central Justice Center, located at 700 West Civic Center Drive Santa Ana, CA 92701.

The relief sought by this ex parte application is appropriate because, based on the facts shown by the Declarations herewith, irreparable injury will result to Plaintiff if a non-judicial foreclosure sale of the Subject Property, is scheduled, executed, and not enjoined.

This ex parte application is brought pursuant to Code of Civil Procedure § 527 and California Rules of Court, Rules 3.1200 *et seq.*, and is based upon this Notice of Application and Application, the accompanying Memorandum and Points and Authorities, and exhibits hereto, the Declarations of Denise Estrada & Martin Pacheco submitted herewith, all pleadings and papers on file, and upon any further evidence or argument which may be presented at the time of the hearing.


Dated: May 20, 2015                                     LAW OFFICES OF MARK S. MARTINEZ


                                                        By: _____
                                                              Mark S. Martinez, Esq.
                                                              Attorney for Plaintiff

**NOTICE OF EX PARTE AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND
ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**

2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### RELIEF REQUESTED

1. Through this ex parte application, Plaintiff requests a Temporary Restraining Order ("TRO") under the Code of California Civil Procedure § 527 restraining Defendants and their agents, servants, employees, and representatives from that which ought not to be done, particularly with proceeding in the improper/unlawful foreclosure of the Subject Property, and for an order to show cause re: preliminary injunction, or, in the alternative, a 90-day stay order.

2. Without the relief requested through this application, Plaintiff will suffer irreparable harm because the Subject Property is Plaintiff's home and money damages will not amount to restoring the Plaintiff whole. Insufficient time exists to bring this matter to the Court's attention on a noticed motion because per Defendant's Notice of Trustee Sale, a sale date is scheduled to be executed on May 26, 2015.

### II.
### INTRODUCTION

3. Plaintiff comes now before the court in an 11th hour plea and respectfully requests the Court grant Plaintiff the extraordinary relief to enjoin Defendants from executing an imminent illegal foreclosure on the Subject Property. Plaintiff is confident that the facts alleged in the Complaint show a strong likelihood of her prevailing on the merits in particular, the breach of contract, failure to satisfy due diligence, and the Caliber's lack of specificity when communicating with Plaintiff during the loan modification process.

4. As to irreparable harm, if Defendants are allowed to execute and proceed with the foreclosure, Plaintiff will lose the home in which she has lived for the past 17 years.

---

**NOTICE OF EX PARTE AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**

EXHIBIT A
PAGE 37

5. Finally, Plaintiff seeks to enforce her rights with an equitable remedy of keeping her primary residence via injunction due to Defendants' wrongful acts. Cal Civ. Procedure § 527.

## III.
## REQUISITE LEGAL STANDARD & AUTHORITY TO GRANT PLAINTIFF'S MOTION

6. The law is well settled that the decision to grant a restraining order rests in the sound discretion of the trial court. IT Corp. v. County of Imperial, (1983) 35 Cal.3d 63, 69.

7. The California Code of Civil Procedure provides the framework necessary to justify or deny the equitable relief of a temporary restraining order and preliminary injunction in the State of California. Subdivision one of the Code authorizes the court to grant an injunction when it appears by the complaint that the plaintiff is entitled to the relief demanded, and the relief, or any part thereof consists in restraining the commission or continuance of the act complained of, either for a limited period or perpetually. Subdivision two authorizes relief upon a showing of great or irreparable injury to a party and subdivision four authorizes it when pecuniary compensation will not give adequate relief. Cal Civ. Proc. §526.

8. In order to sustain an order for a TRO, the moving party must show (a) an immediate and irreparable harm if the TRO is not granted, (b) an adequate legal remedy is unavailable, (c) it is feasible for the court to enforce the injunction, (d) a greater interim harm that the plaintiff is likely to sustain if the restraining order were denied as compared to the harm that the defendant is likely to suffer if the order were issued, and (e) the likelihood that the plaintiff will prevail on the merits at trial. Church of Christ in Hollywood v. Superior Court, (2002) 99 Cal.App. 4th 1251. In addition, the court's determination must be guided by a mix of the potential-merit and interim-harm factors; the greater the plaintiff's showing on one, the less must be shown on the other to support a restraining order. Butt v. State of Cal., (1992) 4 Cal. 4th 668, 677.

---

**NOTICE OF EX PARTE AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**

EXHIBIT A
PAGE 38

9. Finally, Plaintiff provides that both Bus. & Prof. Code § 17200, *et seq.* along with Cal Civil Code § 2924.12 enable Plaintiff to seek injunctive relief.

10. Plaintiff alleges that a TRO and a preliminary injunction are proper based upon the Complaint, moving party's Points and Authorities contained therein, declarations, exhibits and proper and timely notice to the opposing party. **See Declaration of Martin Pacheco at ¶ 4, Exhibit B attached hereto.**

## IV.
### a. The Plaintiff will suffer immediate and irreparable harm if this TRO is not granted.

11. Immediate and irreparable harm will be suffered by the Plaintiff if a TRO is not granted by this court because the Plaintiff's home in which she has lived for 17 years will be sold at a foreclosure sale and she will permanently lose title to a bona fide purchaser. **See Declaration of Denise Estrada at ¶ 2.**

### b. An adequate legal remedy is unavailable to the Plaintiff.

12. It is well settled that land is unique. As such, money damages would be inadequate to compensate the Plaintiff if she were unjustly forced to give up title to her home and ordered to vacate it. In addition, the sale of a home to a bona fide purchaser cannot be undone due to consumer protection laws. Therefore, due to the unique nature of the Subject Property, Plaintiff could not be made whole if her home were to be wrongfully sold at a foreclosure sale.

### c. It is feasible for this court to enforce an order enjoining Defendant from selling Plaintiff's home.

13. Negative or prohibitory injunctions are more feasible to enforce than a mandatory

---

**NOTICE OF EX PARTE AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**

EXHIBIT A
PAGE 39

injunction. This is because courts need to be able to supervise their decrees, and supervising

a mandatory decree requires a court to sometimes continue to fashion remedies, or have

continual involvement. Here, Plaintiff seeks a prohibitory injunction restraining the

Defendant from selling the Subject Property. Therefore, it is feasible for the court to ensure

that its order is followed.

> **d. Upon balancing the hardships, it is clear that the Plaintiff will suffer a far greater hardship if the TRO is denied than the Defendant will suffer if the TRO is granted.**

14. In order to determine if a TRO is proper, the Court must weigh the harm endured by the

defendant if the sale of the Subject Property is postponed against the harm suffered by the

Plaintiff if the Subject Property is sold immediately.

15. Plaintiff argues that the Court should impose the preliminary injunction and temporary

restraining order because the harm done to Defendant is negligible. First, according to

County Records and the Notice of Trustee Sale, Defendant asserts a total amount due of

$516,143. Plaintiff asserts that if the Court grants the temporary restraining order Defendant

is essentially in the same position as if it were to be denied. Plaintiff alleges that based on

an appraisal by a third party hired by Caliber which took place in late January of 2015

conservative estimates of her property fall at or around $430,000.00. **See Exhibit D**

**attached hereto.** Thus, if Defendant were forced to wait to sell Plaintiff's home at the end

of the lawsuit, the amount of money Defendant would recover from a sale would still be

less than what is currently owed. Furthermore, Plaintiff urges the Court to consider the

current state of the Orange County real estate market and acknowledge that property values

have been moving in an upward trend for some years now. Therefore, selling the house on

May 26, 2015 to the highest bidder would likely yield less money than if the Defendant

---

**NOTICE OF EX PARTE AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**

6

EXHIBIT A
PAGE 40

were forced to wait to sell the property several months from now.  The harm that Plaintiff

will endure if the TRO is denied is far greater because her home would be sold at a

foreclosure sale before any of the causes of action could be litigated.  When weighing the

consequence of losing one's home with having to wait to sell the Subject Property, it is

clear that the harm Plaintiff would suffer should the TRO be denied is greater than the harm

the Defendant would suffer should the TRO be granted.

   e. **There is a reasonable likelihood that Plaintiff will be successful on the**

    **merits of his case at trial.**

16. Plaintiff respectfully requests the Court should grant both the Temporary Restraining Order

  and the Preliminary Injunction because the Plaintiff has met her burden of showing a strong

  likelihood that she will prevail on the merits of her claim.

17. First, Plaintiff brings before the Court a civil action whereupon the burden that she must

  eventually prove is a preponderance of the evidence.  Thus, she need only present evidence,

  arguments and documents that provide that it is more likely than not that the Defendants

  and its agents and representatives committed some violation.  Based upon the Complaint

  and declarations submitted therein, Plaintiff contends that she has already exceeded that

  burden.

**Plaintiff's Injuries as a Result of Caliber's Breach of Contract and Lack of a Specific Point of Contact**

18. The strongest and most severe cause of action amongst Plaintiff claims in terms of clear cut

  evidence is Caliber's breach of contract and failure to provide a specific point of contact.

19. In July 2013, Plaintiff was approved for a six month loan modification from HSBC.  After

the loan modification ended, Plaintiff sought additional help in order to keep her mortgage payment attainable. In January 2014, Plaintiff was offered another loan modification. This modification was created for twelve months. During this period, Plaintiff's servicer changed. **See Decl. of Estrada at ¶ 11.**

20. On May 16, 2014 HSBC sent Plaintiff a letter to indicate the switch. **See Decl. of Estrada at ¶ 8.** Furthermore, the letter reassured Plaintiff that nothing else about your mortgage loan will change.

21. Unfortunately for Plaintiff, her payments increased inexplicably from an agreed $2,532.19 to $3,337.39. **See Decl. of Estrada at ¶¶ 12-13, and Exhibit E attached hereto.** This is a clear deviation from the payment terms of the contract Plaintiff had with HSBC.

22. Shocked and confused, Plaintiff quickly contacted Caliber for some type of an explanation. Plaintiff attempted to contact her SPOC, but there was no specific specialist assigned to her account. **See Decl. of Estrada at ¶ 14.** The HSBC letter detailed language such as, "please contact me" and "I am available between the hours…" then provided 800-401-6587 ext 0. **See Exhibit C attached hereto.**

23. When this number is dialed, it instructs the caller to enter "9" to enter an extension. After "9" is inputted, "0" is entered and then the caller is told "the number you entered does not appear to be a valued extension."

24. After numerous attempts to contact Caliber, Plaintiff was finally connected with a representative. The representative enlightened Plaintiff that the only way to get reviewed for a loan modification is if she were to be delinquent. **See Decl. of Estrada at ¶ 12.** This was very confusing since HSBC explained to Plaintiff that the only way to be reviewed for a loan modification is to be current with her payments. **See Decl. of Estrada at ¶ 8.**

25. This lack of consistent information coupled with the difficulty in communicating with one

specific point of contact to discuss the mistakes that Caliber was inflicting upon her account caused Plaintiff harm in that she was unable to remedy her loan payment situation.

26. Therefore, Plaintiff is likely to prevail on the merits of her breach of contract and failure to provide a specific point of contact claims.

## Defendants' Failure to Satisfy Due Diligence on the Notice of Default

27. Additionally, Plaintiff brings forth prima facie evidence that Caliber failed to satisfy its due diligence before the recordation of the Notice of Default ("NOD"). Caliber did not abide by California Civil Code § 2923.55 as indicated on the NOD because they did not provide Plaintiff with the required contact or information.

28. Caliber claims to have satisfied its due diligence on November 14, 2015. **See Decl. of Estrada at ¶ 15.**

29. California Civil California Civil Code § 2923.55 sets out this framework which requires a series of steps to fulfill the required "due diligence."

30. Defendants are expected to reach out to Plaintiff via telephone "at least three times at different hours and on different days." Cal Civ § 2923.55 (2)(A).

31. Plaintiff alleges to have never received any phone calls from Caliber on November 14, 2014. **See Decl. of Estrada at ¶ 15, and Exhibit A attached hereto.**

32. Additionally, if no telephonic contact was made with Plaintiff, the Defendant is required to send a first-class letter. There is no evidence of this. **See Decl. of Estrada at ¶ 15.**

33. Plaintiff was not able to exercise her rights, such as, assessing her financial situation and exploring her options to avoid foreclosure because she was never properly contacted as required by statute.

---

**NOTICE OF EX PARTE AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**

34. Therefore, in terms of clarity and strength of evidence, Plaintiff meets the threshold that Plaintiff is likely to prevail upon the merits of her claim.

### Caliber's Failure of Compliance with Cal. Civil Code § 2924.10.

35. Plaintiff makes another convincing argument that will likely prevail on the merits whereupon Defendant, Caliber, engaged in a pattern and practice of willful ignorance of California Civil Code § 2924.10. Plaintiff alleges that the evidence will show Defendant lacked policies, practices, and procedures and had no real intention of providing Plaintiff with a meaningful opportunity to be reviewed for a loan modification review.

36. Cal Civil Code § 2924.10 provides a procedural protection that when loan servicers undertake to review someone for a loan modification application it requires the servicer to provide correspondence itemizing which documents it has received and which documents it still needs for borrowers to satisfy the requirement of having a complete loan modification application.

37. The specific requirements are outlined in the statute precisely to dissuade the type of behavior which has historically allowed banks to engage in what is known within the industry as the practice of "pretend and extend." The banks *pretend* or feign cooperation with a homeowner only to *extend* the foreclosure process so they can continue to bloat these liens with extra fees and retain control of when to foreclose and arbitrarily take the property from the homeowner.

38. Plaintiff asserts several instances where she received correspondence from Defendant that lacked the specificity required under law. **See Decl. of Estrada at ¶ 16.**

39. The blatant failure of Caliber to provide letters outlining which documents it has received and which it still needs are enough to allow Plaintiff to succeed on this particular claim.

---

**NOTICE OF EX PARTE AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**

10

EXHIBIT A
PAGE 44

## VI.
## LACK OF NECESSITY FOR A BOND

40. Plaintiff also requests the Court not grant a bond to Defendant. Ordering Plaintiff to post bond will not protect the Defendant from any monetary loss because the worst case scenario would still allow Defendant to go ahead with a foreclosure sale of Plaintiff's property in the future. With the upward trends in the real estate market, Defendant will be always be able to recoup the maximum amount of money the property will yield whether it is sold now or in the future.

## IX.
## CONCLUSION

Accordingly, Plaintiff requests that the Court grant this motion for a TRO, or in the alternative a 90 day Stay Order, enjoin any recordation of a foreclosure sale, trustee's sale, or sheriff's sale of the Subject Property pending a full and fair opportunity for Plaintiff to litigate these claims.

Dated: May 20, 2015                                    LAW OFFICES OF MARK S. MARTINEZ

By: _____
                                                       Mark S. Martinez, Esq.
                                                       Attorney for Denise Estrada

---

**NOTICE OF EX PARTE AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND
ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**

11

EXHIBIT A
PAGE 45

# EXHIBIT A

Telephone Records for November 14, 2015

# EXHIBIT A

Telephone Records for November 14, 2015

**T · ·Mobile·**

| Statement for | Account number | Bill close date |
|---|---|---|
| DENISE ESTRADA | 536625011 | Nov 20, 2014 |

| Statement for | Account number | Bill close date |
|---|---|---|
| DENISE ESTRADA | 536689011 | Nov 20, 2014 |

## Continued... (714) 797-5386

### Talk

The date and time corresponds to the local time where the mobile was located.

| Date and time | Number | Description | Type | Min | Amount |
|---|---|---|---|---|---|
| 11/09/14, 11:11 AM | (714) 875-2629 | to ANAHEIM/CA | (F) | 1 | - |
| 11/09/14, 12:55 PM | (714) 875-2629 | Incoming | (F) | 1 | - |
| 11/09/14, 1:00 PM | (714) 875-2629 | to ANAHEIM/CA | (F) | 1 | - |
| 11/09/14, 3:26 PM | (714) 875-2629 | to ANAHEIM/CA | (F) | 2 | - |
| 11/09/14, 4:02 PM | (714) 875-2629 | Incoming | (F) | 2 | - |
| 11/10/14, 12:36 PM | (619) 719-5684 | Incoming | (F) | 7 | - |
| 11/10/14, 12:42 PM | (619) 719-5684 | Incoming | | 1 | - |
| 11/10/14, 1:12 PM | (760) 985-0493 | to VICTORVILLE/CA | - | 1 | - |
| 11/10/14, 1:55 PM | 123 | VM Retrievd | (G) | 1 | - |
| 11/10/14, 3:07 PM | 6666920574 | 1-866 # | - | 2 | - |
| 11/10/14, 4:08 PM | (626) 549-8450 | Incoming | (F) | 2 | - |
| 11/10/14, 7:08 PM | 6002175064 | 1-800 # | - | 2 | - |
| 11/10/14, 7:10 PM | 8557717949 | 1-855 # | - | 15 | - |
| 11/10/14, 7:28 PM | 8003693557 | 1-800 # | - | 9 | - |
| 11/10/14, 8:26 PM | (714) 875-2629 | Incoming | (F) | 1 | - |
| 11/10/14, 8:56 PM | (714) 875-2629 | to ANAHEIM/CA | (F) | 1 | - |
| 11/11/14, 1:41 PM | (562) 443-7909 | Incoming | - | 1 | - |
| 11/11/14, 2:42 PM | 123 | VM Retrievd | (G) | 1 | - |
| 11/11/14, 3:27 PM | (626) 549-8450 | to COV-BALDPK/CA | (F) | 1 | - |
| 11/11/14, 3:28 PM | (714) 923-5163 | to ORANGE/CA | - | 1 | - |
| 11/11/14, 5:09 PM | 123 | VM Retrievd | (G) | 1 | - |
| 11/12/14, 1:17 PM | (760) 985-0493 | to VICTORV/LCA | - | 59 | - |
| 11/12/14, 4:05 PM | (626) 549-8450 | Incoming | (F) | 4 | - |
| 11/13/14, 7:43 AM | (815) 719-5684 | to NASHVILLE/TN | (F) | 1 | - |
| 11/13/14, 9:00 AM | (619) 719-5684 | Incoming | (F) | 16 | - |
| 11/14/14, 1:46 PM | (714) 948-3020 | to ANAHEIM/CA | (F) | 1 | - |
| 11/14/14, 2:02 PM | (760) 985-0493 | to VICTORV/LCA | - | 1 | - |
| 11/14/14, 2:43 PM | (760) 985-0493 | to VICTORV/LCA | - | 7 | - |
| 11/14/14, 6:34 PM | (714) 875-2629 | to ANAHEIM/CA | (F) | 1 | - |
| 11/14/14, 6:43 PM | (714) 358-0316 | Incoming | (F) | 2 | - |
| 11/15/14, 11:28 AM | (714) 875-2629 | to ANAHEIM/CA | (F) | 1 | - |
| 11/15/14, 11:58 AM | (714) 875-2629 | to ANAHEIM/CA | (F) | 1 | - |
| 11/15/14, 4:41 PM | (714) 875-2629 | to ANAHEIM/CA | (F) | 2 | - |
| 11/15/14, 4:19 PM | (626) 494-9540 | to COV-BALDPK/CA | - | 2 | - |
| 11/16/14, 7:02 AM | 6005827485 | 1-600 # | - | 2 | - |
| 11/16/14, 7:05 AM | 6005827453 | 1-800 # | - | 2 | - |
| 11/16/14, 7:09 AM | 6006683557 | 1-800 # | - | 4 | - |
| 11/16/14, 10:38 AM | (714) 726-8707 | Incoming | (F) | 1 | - |
| 11/16/14, 10:57 AM | (714) 213-4494 | to FULLERTON/CA | (F) | 1 | - |
| 11/16/14, 10:58 AM | (714) 213-4434 | to FULLERTON/CA | (F) | 1 | - |
| 11/16/14, 10:58 AM | (714) 213-4484 | to FULLERTON/CA | - | 1 | - |
| 11/16/14, 2:54 PM | (714) 948-3020 | Incoming | (F) | 1 | - |
| 11/16/14, 3:13 PM | 123 | VM Retrievd | (G) | 1 | - |
| 11/17/14, 9:47 AM | (714) 726-8707 | Incoming | - | 1 | - |
| 11/17/14, 9:49 AM | (714) 726-8707 | Incoming | (F) | 1 | - |
| 11/17/14, 11:40 AM | (714) 726-8707 | Incoming | (F) | 1 | - |
| 11/17/14, 1:02 PM | 8007453000 | 1-800 # | - | 9 | - |
| 11/17/14, 1:18 PM | 8007453000 | 1-800 # | - | 2 | - |
| 11/17/14, 1:27 PM | 8007453000 | 1-800 # | - | 7 | - |
| 11/17/14, 1:41 PM | 8007453000 | 1-800 # | - | 1 | - |
| 11/17/14, 1:49 PM | 8007453000 | 1-800 # | - | 1 | - |
| 11/18/14, 10:33 AM | (323) 510-1822 | to MONTEBELLO/CA | (F) | 8 | - |
| 11/18/14, 10:42 AM | (714) 726-8707 | to FULLERTON/CA | (F) | 2 | - |
| 11/18/14, 11:22 AM | (714) 726-8707 | to FULLERTON/CA | (F) | 1 | - |
| 11/18/14, 11:23 AM | (714) 726-8707 | to FULLERTON/CA | (F) | 2 | - |
| 11/18/14, 2:12 PM | 123 | VM Retrievd | (G) | 2 | - |
| 11/19/14, 10:55 AM | (951) 485-1154 | to MORENO/CA | - | 1 | - |
| 11/19/14, 11:22 AM | (714) 992-2200 | to FULLERTON/CA | - | 3 | - |
| 11/19/14, 3:03 PM | (909) 363-1415 | to ONTARIO/CA | - | 11 | - |
| 11/19/14, 4:29 PM | (562) 323-5731 | Incoming | - | 6 | - |
| 11/20/14, 8:48 AM | (562) 323-5731 | Incoming | - | 1 | - |
| 11/20/14, 10:02 AM | (562) 383-5763 | to LA HABRA/CA | - | 1 | - |
| 11/20/14, 10:47 AM | (714) 948-3020 | to ANAHEIM/CA | (F) | 3 | - |
| 11/20/14, 12:17 PM | (626) 549-8450 | to COV-BALDPK/CA | (F) | 5 | - |
| 11/20/14, 1:19 PM | (909) 500-1556 | to FONTANA/CA | - | 11 | - |
| 11/20/14, 1:22 PM | (714) 948-3020 | Incoming | (F) | 2 | - |

### Talk

The date and time corresponds to the local time where the mobile was located.

| Date and time | Number | Description | Type | Min | Amount |
|---|---|---|---|---|---|
| 11/20/14, 4:17 PM | (626) 549-8450 | to COV-BALDPK/CA | (F) | 1 | - |
| 11/20/14, 4:18 PM | (626) 549-8450 | to COV-BALDPK/CA | (F) | 1 | - |
| 11/20/14, 4:18 PM | (626) 549-8450 | to COV-BALDPK/CA | (F) | 1 | - |
| 11/20/14, 4:19 PM | (626) 549-8450 | to COV-BALDPK/CA | (F) | 3 | - |
| | | | Total: | 238 | $1.99 |

### Text

The date and time corresponds to Pacific Time (PST/PDT).

| Date and time | Number | Destination | Direction | Type | Amount |
|---|---|---|---|---|---|
| 10/21/14, 5:31 AM | (323) 400-6012 | Montebello, CA | Outgoing | Text | |
| 10/21/14, 5:31 AM | (562) 323-5731 | Whittier, CA | Outgoing | Text | |
| 10/21/14, 7:25 AM | (714) 606-6823 | Anaheim, CA | Outgoing | Text | |
| 10/21/14, 7:25 AM | (714) 606-6823 | Anaheim, CA | Incoming | Text | |
| 10/21/14, 7:47 AM | (714) 606-6823 | Anaheim, CA | Incoming | Text | |
| 10/21/14, 7:53 AM | (714) 606-6823 | Anaheim, CA | Outgoing | Text | |
| 10/21/14, 7:53 AM | (714) 606-6823 | Anaheim, CA | Outgoing | Text | |
| 10/21/14, 7:54 AM | (714) 606-6823 | Anaheim, CA | Outgoing | Text | |
| 10/21/14, 7:54 AM | (714) 606-6823 | Anaheim, CA | Incoming | Text | |
| 10/21/14, 7:54 AM | (714) 606-6823 | Anaheim, CA | Incoming | Text | |
| 10/21/14, 7:54 AM | (714) 606-6823 | Anaheim, CA | Outgoing | Text | |
| 10/21/14, 7:55 AM | (714) 606-6823 | Anaheim, CA | Outgoing | Text | |
| 10/21/14, 7:56 AM | (714) 606-6823 | Anaheim, CA | Outgoing | Text | |
| 10/21/14, 7:56 AM | (714) 606-6823 | Anaheim, CA | Incoming | Text | |
| 10/21/14, 8:01 AM | (323) 381-2677 | Los angeles, CA | Outgoing | Text | |
| 10/21/14, 8:04 AM | (323) 381-2677 | Los angeles, CA | Outgoing | Text | |
| 10/21/14, 8:04 AM | (323) 381-2677 | Los angeles, CA | Outgoing | Text | |
| 10/21/14, 8:04 AM | (323) 381-2677 | Los angeles, CA | Outgoing | Text | |
| 10/21/14, 6:03 AM | (323) 381-2677 | Los angeles, CA | Incoming | Text | |
| 10/21/14, 8:09 AM | (323) 381-2677 | Los angeles, CA | Incoming | Text | |
| 10/21/14, 8:07 AM | (951) 269-8789 | Moreno, CA | Outgoing | Text | |
| 10/21/14, 8:10 AM | (323) 381-2677 | Los angeles, CA | Outgoing | Text | |
| 10/21/14, 8:11 AM | (323) 381-2677 | Los angeles, CA | Outgoing | Text | |
| 10/21/14, 8:16 AM | (323) 381-2677 | Los angeles, CA | Incoming | Text | |
| 10/21/14, 8:16 AM | (323) 381-2677 | Los angeles, CA | Incoming | Text | |
| 10/21/14, 8:17 AM | (323) 381-2677 | Los angeles, CA | Outgoing | Text | |
| 10/21/14, 8:18 AM | (323) 381-2677 | Los angeles, CA | Outgoing | Text | |
| 10/21/14, 8:18 AM | (323) 381-2677 | Los angeles, CA | Incoming | Text | |
| 10/21/14, 8:21 AM | (323) 381-2677 | Los angeles, CA | Outgoing | Text | |
| 10/21/14, 8:21 AM | (323) 381-2677 | Los angeles, CA | Incoming | Text | |
| 10/21/14, 8:33 AM | (323) 381-2677 | Los angeles, CA | Incoming | Text | |
| 10/21/14, 8:36 AM | (714) 948-3020 | Anaheim, CA | Incoming | Text | |
| 10/21/14, 8:38 AM | (714) 948-3020 | Anaheim, CA | Outgoing | Text | |
| 10/21/14, 8:40 AM | (714) 948-3020 | Anaheim, CA | Incoming | Text | |
| 10/21/14, 8:41 AM | (714) 948-3020 | Anaheim, CA | Outgoing | Text | |
| 10/21/14, 8:44 AM | (714) 948-3020 | Anaheim, CA | Incoming | Text | |
| 10/21/14, 8:44 AM | (714) 948-3020 | Anaheim, CA | Outgoing | Text | |
| 10/21/14, 8:46 AM | (714) 948-3020 | Anaheim, CA | Outgoing | Text | |
| 10/21/14, 8:46 AM | (909) 500-1566 | Fontana, CA | Outgoing | Text | |
| 10/21/14, 8:47 AM | (714) 948-3020 | Anaheim, CA | Outgoing | Text | |
| 10/21/14, 8:47 AM | (714) 948-3020 | Anaheim, CA | Incoming | Text | |
| 10/21/14, 8:47 AM | (714) 948-3020 | Anaheim, CA | Incoming | Text | |
| 10/21/14, 8:48 AM | (714) 948-3020 | Anaheim, CA | Outgoing | Text | |
| 10/21/14, 8:59 AM | (714) 948-3020 | Anaheim, CA | Outgoing | Text | |
| 10/21/14, 9:16 AM | (714) 948-3020 | Anaheim, CA | Outgoing | Text | |
| 10/21/14, 9:17 AM | (714) 948-3020 | Anaheim, CA | Outgoing | Text | |
| 10/21/14, 9:16 AM | (909) 714-4377 | Fontana, CA | Outgoing | Text | |
| 10/21/14, 9:16 AM | (909) 714-4377 | Fontana, CA | Outgoing | Text | |
| 10/21/14, 9:18 AM | (626) 422-3121 | Cov-Baldpk, CA | Outgoing | Text | |
| 10/21/14, 9:18 AM | (626) 549-8450 | Cov-Baldpk, CA | Outgoing | Text | |
| 10/21/14, 9:19 AM | (714) 948-3020 | Anaheim, CA | Outgoing | Text | |
| 10/21/14, 9:19 AM | (714) 726-8707 | Fullerton, CA | Outgoing | Text | |
| 10/21/14, 9:19 AM | (714) 875-2629 | Anaheim, CA | Outgoing | Text | |
| 10/21/14, 9:19 AM | (714) 948-3020 | Anaheim, CA | Incoming | Text | |
| 10/21/14, 9:21 AM | (714) 948-3020 | Anaheim, CA | Outgoing | Text | |
| 10/21/14, 9:24 AM | (714) 948-3020 | Anaheim, CA | Incoming | Text | |
| 10/21/14, 9:29 AM | (714) 948-3020 | Anaheim, CA | Incoming | Text | |

Type: (A) Call Waiting (B) Call Forward (C) Conference Call (E) Data/Fax (F) Mobile2Mobile (G) Voicemail (H) Free Calls (I) Int Disc Call (J) Int Disc Call to Mobile (K) WPS Call (M) AnyMobile (R) Roaming (T) T-Mobile Number (V) myFaves Call (W) Wi-Fi Call (X) T-Mobile @Home Call

Type: (A) Call Waiting (B) Call Forward (C) Conference Call (E) Data/Fax (F) Mobile2Mobile (G) Voicemail (H) Free Calls (I) Int Disc Call (J) Int Disc Call to Mobile (K) WPS Call (M) AnyMobile (R) Roaming (T) T-Mobile Number (V) myFaves Call (W) Wi-Fi Call (X) T-Mobile @Home Call

**EXHIBIT A**
**PAGE 48**

**T Mobile**

| Statement for | Account number | Bill close date |
|---|---|---|
| DENISE ESTRADA | 538669011 | Nov 20, 2014 |

Continued... (714) 797-5386

## Talk

The date and time corresponds to the local time where the mobile was located.

| Date and time | Number | Description | Type | Min | Amount |
|---|---|---|---|---|---|
| 10/27/14, 5:32 PM | (714) 738-8689 | to FULLERTON/CA | - | 1 | - |
| 10/28/14, 10:57 AM | (615) 719-5694 | to NASHVILLE/TN | (F) | 1 | - |
| 10/28/14, 11:06 AM | (615) 719-5694 | to NASHVILLE/TN | (A) | 12 | - |
| 10/28/14, 11:53 AM | (909) 600-1506 | to FONTANA/CA | - | 1 | - |
| 10/28/14, 11:54 AM | (909) 600-1506 | Incoming | (A) | 4 | - |
| 10/28/14, 11:58 AM | (714) 635-6000 | to ANAHEIM/CA | - | 1 | - |
| 10/28/14, 12:02 PM | (714) 875-2629 | Incoming | (F) | 2 | - |
| 10/28/14, 12:11 PM | (714) 875-2629 | to ANAHEIM/CA | (F) | 1 | - |
| 10/28/14, 12:12 PM | (714) 875-2629 | Incoming | (F) | 2 | - |
| 10/28/14, 12:15 PM | 411 | Dir Asst | - | 5 | $1.99 |
| 10/28/14, 12:25 PM | (909) 646-4447 | to UPLAND/CA | - | 3 | - |
| 10/28/14, 12:29 PM | (909) 484-7237 | to UPLAND/CA | - | 1 | - |
| 10/28/14, 1:05 PM | (714) 963-0509 | Incoming | (A) | 10 | - |
| 10/28/14, 1:16 PM | (909) 600-1506 | to FONTANA/CA | (A) | 1 | - |
| 10/28/14, 1:17 PM | (714) 963-0509 | Incoming | (A) | 1 | - |
| 10/28/14, 1:34 PM | (626) 549-8450 | Incoming | (F) | 5 | - |
| 10/28/14, 3:04 PM | (714) 875-2629 | Incoming | (F) | 1 | - |
| 10/28/14, 4:54 PM | (714) 948-3020 | to ANAHEIM/CA | (F) | 1 | - |
| 10/28/14, 4:58 PM | (714) 948-3020 | to ANAHEIM/CA | (F) | 1 | - |
| 10/28/14, 5:06 PM | (714) 948-3020 | Incoming | (F) | 1 | - |
| 10/28/14, 5:01 PM | (909) 989-1415 | to ONTARIO/CA | - | 2 | - |
| 10/28/14, 5:17 PM | (714) 948-3020 | Incoming | (F) | 1 | - |
| 10/28/14, 5:19 PM | (714) 948-3020 | Incoming | (F) | 3 | - |
| 10/28/14, 5:22 PM | (714) 948-3020 | to ANAHEIM/CA | (A) | 1 | - |
| 10/28/14, 5:22 PM | (714) 948-3020 | Incoming | (A) | 1 | - |
| 10/28/14, 5:33 PM | (714) 948-3020 | Incoming | (F) | 1 | - |
| 10/28/14, 5:24 PM | (714) 875-2629 | to ANAHEIM/CA | (F) | 5 | - |
| 10/28/14, 5:35 PM | (626) 549-8450 | to COV-BALDPK/CA | (F) | 10 | - |
| 10/28/14, 6:35 PM | (714) 875-2629 | to ANAHEIM/CA | (F) | 1 | - |
| 10/28/14, 6:37 PM | (714) 948-3020 | to ANAHEIM/CA | (F) | 1 | - |
| 10/28/14, 6:40 PM | (714) 948-3020 | Incoming | (F) | 1 | - |
| 10/28/14, 6:47 PM | (909) 989-1415 | to ONTARIO/CA | (F) | 2 | - |
| 10/29/14, 7:23 AM | (951) 485-1154 | Incoming | - | 17 | - |
| 10/29/14, 9:11 AM | (714) 726-8707 | Incoming | (F) | 1 | - |
| 10/29/14, 9:32 AM | (626) 494-9240 | to COV-BALDPK/CA | - | 4 | - |
| 10/29/14, 9:32 AM | (626) 526-2622 | to COV-BALDPK/CA | - | 2 | - |
| 10/29/14, 9:42 AM | (714) 875-2629 | to ANAHEIM/CA | (F) | 1 | - |
| 10/29/14, 9:43 AM | (714) 875-2629 | to ANAHEIM/CA | (F) | 1 | - |
| 10/29/14, 9:55 AM | (714) 875-2629 | to ANAHEIM/CA | (F) | 1 | - |
| 10/29/14, 9:56 AM | (760) 985-0493 | to VICTORVL/CA | - | 1 | - |
| 10/29/14, 9:58 AM | (714) 922-5168 | to ORANGE/CA | (A) | 4 | - |
| 10/29/14, 10:02 AM | (714) 726-8707 | to FULLERTON/CA | (F) | 3 | - |
| 10/29/14, 10:02 AM | (714) 875-2629 | to ANAHEIM/CA | (F) | 2 | - |
| 10/29/14, 10:08 AM | (714) 875-2629 | to ANAHEIM/CA | (F) | 1 | - |
| 10/29/14, 10:16 AM | (714) 726-8707 | Incoming | (F) | 1 | - |
| 10/29/14, 10:18 AM | (714) 726-8707 | to FULLERTON/CA | (F) | 2 | - |
| 10/29/14, 10:30 AM | (714) 875-2629 | Incoming | (F) | 1 | - |
| 10/29/14, 10:55 AM | (714) 730-5688 | to FULLERTON/CA | (F) | 1 | - |
| 10/29/14, 11:47 AM | (909) 989-1415 | to ONTARIO/CA | - | 2 | - |
| 10/29/14, 2:00 PM | 8778913680 | 1-877 2 | - | 2 | - |
| 10/29/14, 4:01 PM | (714) 948-3020 | to ANAHEIM/CA | (F) | 1 | - |
| 10/29/14, 4:04 PM | (714) 948-3020 | Incoming | (F) | 2 | - |
| 10/29/14, 5:05 PM | (760) 985-0493 | to VICTORVL/CA | - | 2 | - |
| 10/29/14, 5:58 PM | (626) 201-4733 | Incoming | - | 9 | - |
| 10/29/14, 6:52 PM | (626) 592-7322 | to ALHAMBRA/CA | (F) | 2 | - |
| 10/29/14, 7:16 PM | (562) 536-6504 | Incoming | - | 1 | - |
| 10/30/14, 9:44 AM | (562) 406-7009 | Incoming | - | 3 | - |
| 10/30/14, 11:23 AM | (714) 875-2629 | Incoming | - | 1 | - |
| 10/30/14, 12:04 PM | (714) 948-3020 | Incoming | (F) | 3 | - |
| 10/30/14, 12:09 PM | (714) 948-3020 | to ANAHEIM/CA | (F) | 1 | - |
| 10/30/14, 12:31 PM | (714) 948-3020 | Incoming | (F) | 1 | - |
| 10/30/14, 2:45 PM | (714) 875-2629 | Incoming | (F) | 1 | - |
| 10/30/14, 2:53 PM | (714) 730-5688 | Incoming | - | 2 | - |
| 10/31/14, 8:42 AM | (714) 923-5168 | to ORANGE/CA | - | 11 | - |
| 10/31/14, 12:11 PM | (714) 948-3020 | Incoming | (F) | 2 | - |
| 10/31/14, 12:12 PM | (714) 948-3020 | Incoming | (F) | 1 | - |
| 10/31/14, 12:25 PM | (714) 948-3020 | Incoming | (F) | 1 | - |

Type: (A) Call Waiting (B) Call Forward (C) Conference Call (E) Data/Fax (F) Mobile2Mobile (G) Voicemail (H) Free Calls (I) Intl Disc Call (J) Intl Disc Call to Mobile (K) WPS Call (M) AnyMobile (R) Roaming (T) T-Mobile Number (V) myFaves Call (W) Wi-Fi Call (X) T-Mobile @Home Call

---

**T Mobile**

| Statement for | Account number | Bill close date |
|---|---|---|
| DENISE ESTRADA | 538669011 | Nov 20, 2014 |

Continued... (714) 797-5386

## Talk

The date and time corresponds to the local time where the mobile was located.

| Date and time | Number | Description | Type | Min | Amount |
|---|---|---|---|---|---|
| 10/31/14, 1:42 PM | (562) 536-6504 | Incoming | - | 2 | - |
| 10/31/14, 7:15 PM | (714) 726-8707 | to FULLERTON/CA | (F) | 1 | - |
| 10/31/14, 7:16 PM | (714) 726-8707 | to FULLERTON/CA | (F) | 1 | - |
| 10/31/14, 11:01 PM | (626) 592-7322 | to ALHAMBRA/CA | (F) | 1 | - |
| 10/31/14, 11:11 PM | (626) 592-7322 | Incoming | (F) | 1 | - |
| 10/31/14, 11:12 PM | (626) 592-7322 | to ALHAMBRA/CA | (F) | 2 | - |
| 11/01/14, 3:20 AM | (760) 985-0493 | to VICTORVL/CA | - | 1 | - |
| 11/01/14, 2:07 PM | (714) 726-8707 | Incoming | (F) | 2 | - |
| 11/02/14, 8:54 AM | (714) 948-3020 | Incoming | (F) | 1 | - |
| 11/02/14, 8:55 AM | (714) 948-3020 | to ANAHEIM/CA | (F) | 2 | - |
| 11/03/14, 1:02 PM | (626) 494-9240 | to COV-BALDPK/CA | - | 2 | - |
| 11/03/14, 3:38 PM | (714) 875-2629 | to ANAHEIM/CA | (F) | 2 | - |
| 11/03/14, 4:20 PM | (714) 948-3020 | to ANAHEIM/CA | (F) | 1 | - |
| 11/03/14, 4:38 PM | (714) 948-3020 | Incoming | (F) | 1 | - |
| 11/03/14, 8:20 AM | (760) 985-0493 | to VICTORVL/CA | - | 1 | - |
| 11/03/14, 10:04 AM | 8004616987 | 1-800 2 | - | 18 | - |
| 11/03/14, 11:24 AM | (714) 923-5168 | to ORANGE/CA | - | 9 | - |
| 11/03/14, 12:57 PM | (760) 985-0493 | Incoming | (A) | 5 | - |
| 11/03/14, 1:02 PM | (714) 948-3020 | Incoming | (A) | 2 | - |
| 11/03/14, 1:06 PM | (760) 985-0493 | Incoming | - | 2 | - |
| 11/03/14, 2:03 PM | (714) 635-1523 | Incoming | - | 3 | - |
| 11/04/14, 7:39 AM | (714) 948-3020 | to ANAHEIM/CA | (F) | 1 | - |
| 11/04/14, 9:53 AM | (562) 338-5731 | to WHITTIER/CA | - | 1 | - |
| 11/04/14, 10:17 AM | (714) 820-9650 | Incoming | (F) | 1 | - |
| 11/04/14, 11:25 AM | (562) 233-8736 | to LA HABRA/CA | - | 1 | - |
| 11/04/14, 11:25 AM | (562) 283-8780 | Incoming | - | 1 | - |
| 11/04/14, 12:25 PM | (714) 963-0909 | Incoming | - | 1 | - |
| 11/04/14, 2:37 PM | (714) 948-3020 | Incoming | (F) | 1 | - |
| 11/04/14, 2:48 PM | (626) 494-9240 | Incoming | - | 2 | - |
| 11/04/14, 3:55 PM | (626) 494-9240 | to COV-BALDPK/CA | - | 1 | - |
| 11/04/14, 7:22 PM | (626) 549-8450 | Incoming | (F) | 4 | - |
| 11/05/14, 9:08 AM | (714) 923-5168 | to ORANGE/CA | - | 1 | - |
| 11/05/14, 9:15 AM | (714) 923-5168 | Incoming | - | 5 | - |
| 11/05/14, 9:29 AM | (714) 726-8707 | to FULLERTON/CA | (F) | 1 | - |
| 11/05/14, 9:36 AM | (714) 726-8707 | Incoming | (F) | 1 | - |
| 11/05/14, 9:50 AM | (714) 948-3020 | Incoming | (F) | 3 | - |
| 11/05/14, 9:59 AM | (562) 338-5731 | to WHITTIER/CA | - | 6 | - |
| 11/05/14, 10:13 AM | (714) 948-3020 | to ANAHEIM/CA | (F) | 2 | - |
| 11/05/14, 10:22 AM | (626) 549-8450 | to COV-BALDPK/CA | (F) | 2 | - |
| 11/05/14, 10:25 AM | (562) 338-5731 | to WHITTIER/CA | - | 4 | - |
| 11/05/14, 10:35 AM | 8665532757 | 1-866 2 | - | 4 | - |
| 11/05/14, 10:59 AM | (714) 923-5168 | Incoming | - | 8 | - |
| 11/05/14, 4:29 PM | (626) 549-8450 | Incoming | (F) | 8 | - |
| 11/06/14, 11:20 AM | (626) 592-7322 | Incoming | (F) | 1 | - |
| 11/06/14, 4:14 PM | (714) 948-3020 | Incoming | (F) | 1 | - |
| 11/06/14, 4:15 PM | (714) 948-3020 | to ANAHEIM/CA | (F) | 2 | - |
| 11/06/14, 5:31 PM | (562) 326-6504 | Incoming | - | 4 | - |
| 11/06/14, 6:13 PM | (714) 875-2629 | Incoming | (F) | 5 | - |
| 11/06/14, 6:55 PM | (714) 664-0096 | Incoming | - | 1 | - |
| 11/07/14, 9:16 AM | (626) 592-7322 | Incoming | (F) | 2 | - |
| 11/07/14, 9:50 AM | (760) 985-0493 | to VICTORVL/CA | - | 1 | - |
| 11/07/14, 9:53 AM | (615) 719-5694 | to NASHVILLE/TN | (F) | 1 | - |
| 11/07/14, 11:05 AM | (615) 719-5694 | to NASHVILLE/TN | (F) | 7 | - |
| 11/07/14, 2:51 PM | (714) 875-2629 | to ANAHEIM/CA | (F) | 1 | - |
| 11/07/14, 3:04 PM | (714) 875-2629 | Incoming | (F) | 1 | - |
| 11/07/14, 3:26 PM | (714) 875-2629 | Incoming | (F) | 2 | - |
| 11/07/14, 3:30 PM | (626) 592-7322 | Incoming | (F) | 1 | - |
| 11/07/14, 4:22 PM | (626) 592-7322 | to ALHAMBRA/CA | (F) | 3 | - |
| 11/07/14, 4:23 PM | (626) 549-8450 | to COV-BALDPK/CA | (F) | 2 | - |
| 11/07/14, 7:31 PM | (562) 326-6504 | Incoming | - | 1 | - |
| 11/07/14, 10:38 PM | (714) 726-8707 | Incoming | (F) | 1 | - |
| 11/07/14, 11:26 PM | (714) 875-2629 | Incoming | (F) | 1 | - |
| 11/08/14, 9:01 AM | (714) 726-8707 | to FULLERTON/CA | (F) | 1 | - |
| 11/08/14, 11:25 AM | 123 | VM Retrieval | (G) | 2 | - |
| 11/08/14, 1:45 PM | (760) 985-0493 | Incoming | - | 3 | - |
| 11/08/14, 3:28 PM | (760) 985-0493 | Incoming | - | 1 | - |
| 11/08/14, 3:36 PM | (760) 985-0493 | Incoming | - | 3 | - |

Type: (A) Call Waiting (B) Call Forward (C) Conference Call (E) Data/Fax (F) Mobile2Mobile (G) Voicemail (H) Free Calls (I) Intl Disc Call (J) Intl Disc Call to Mobile (K) WPS Call (M) AnyMobile (R) Roaming (T) T-Mobile Number (V) myFaves Call (W) Wi-Fi Call (X) T-Mobile @Home Call



000051 20/154

EXHIBIT A
PAGE 49

# EXHIBIT B

Fax Confirmation of Notice

P. 1

\* \* \* Communication Result Report ( May. 21. 2015 10:42AM ) \* \* \*

1)
2)

Date/Time: May. 21. 2015 10:32AM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 7293 | Memory TX Mark Email | 14056082011 | P. 65 | OK | |

Reason for error
E. 1) Hang up or line fail
E. 3) No answer
E. 5) Exceeded max. E-mail size

E. 2) Busy
E. 4) No facsimile connection

**The Law Offices of Mark S. Martinez**
17272 Newhope Street Suite J, Fountain Valley, CA 92708
Phone: 714-442-9741 | Fax: 909-919-1766 | www.martinezlawcenter.com

# Fax

| | | | |
|---|---|---|---|
| TO: | Caliber Home Loans | FROM: | The Law Offices of Mark S. Martinez |
| FAX: | 405-608-2011 | PAGES: | 65 (including Cover Sheet) |
| PHONE | 800-401-6587 | DATE: | 5/21/2015 |
| RE: | 30-2015-00788477-CJ-OR-CJC | CC: | |

☐ Urgent   ☐ For Review   ☐ Please Comment   ☐ Please Reply   ☐ Please Recycle

ATTENTION LEGAL DEPARTMENT

Loan # 9803479220

P. 1

* * * Communication Result Report ( May. 21. 2015 11:27AM ) * * *

1)
2)

Date/Time: May. 21. 2015 11:08AM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 7296 | Memory TX Mark Email | 18586495890 | P. 66 | OK | |

Reason for error
E. 1) Hang up or line fail
E. 3) No answer
E. 5) Exceeded max. E-mail size
E. 2) Busy
E. 4) No facsimile connection

**The Law Offices of Mark S. Martinez**
17272 Newhope Street Suite J, Fountain Valley, CA 92708
Phone: 714-442-9741 | Fax: 909-919-1766 | www.martinezlawcenter.com

# Fax

| | | | |
|---|---|---|---|
| TO: | Summit Management Company | FROM: | The Law Offices of Mark S. Martinez |
| FAX: | 858-649-5890 | PAGES: | 65 (Including Cover Page) |
| PHONE | 866-248-2679 | DATE: | 5/21/2015 |
| RE: | 30-2015-00788477-CJ-OR-CJC | CC: | |

☐ Urgent   ☐ For Review   ☐ Please Comment   ☐ Please Reply   ☐ Please Recycle

ATTENTION LEGAL DEPARTMENT

TS # CA-15-4355-CS

**EXHIBIT A**
**PAGE 52**

# EXHIBIT C

Letters Containing Vague Language for Specific Point of Contact

 CALIBER HOME LOANS

PO Box 24610
Oklahoma City, OK  73124-0610

February 5, 2015

ARNULFO E ESTRADA
DENISE L ESTRADA
1506 S GILBERT ST
FULLERTON          CA 92833-4307

Re: Caliber Account Number: 9803479220

Dear Valued Customer,

This letter is being sent to you regarding your request for a modification on the loan referenced above.  Our records indicate that we are unable to process your request at this time as the document(s) indicated below have not been provided:

      PLEASE CALL OFFICE
      PROOF OF RESIDENCY FOR CRYSTAL ESPINOZA

Please write your loan number on the document(s) indicated above and send to the following street address, fax number or email address so that we may complete our review.  All documents are required to be dated within 90 days of our receipt.  Once a complete package is received, we will review your documentation, evaluate your eligibility, and make a decision within 30 days.

If you qualify, we will contact you to go over the proposed terms and you will be afforded 14 days to accept or decline the offer. Please note that any collection efforts already started on your account may still be underway and it is urgent that you provide the missing documents as soon as possible so that we may assist you.

**Caliber Home Loans, Inc.**
**Attn: Loss Mitigation Modification**
13801 Wireless Way
Oklahoma City, OK 73134
Fax Number: 405-608-2011
Email: calibermods@caliberhomeloans.com

In order to complete our evaluation, we will need a complete package within 30 days of the date of this letter.  Failure to submit all necessary information within the time afforded could result in potential denial of the loan modification or other loss mitigation alternatives, continuation of pending foreclosure action or referral to foreclosure.

You should consider contacting the servicer of other mortgage loans secured by this same property, if any, to discuss loss mitigation options.

If you have any questions, please call me at 800-401-6587 ext. 0.  I am available between the hours of 8:00 a.m. to 7:00 p.m., Central Time, Monday through Friday.

Sincerely,

SPOC DEPARTMENT
SPOC Department

Homeowners seeking counseling or advice can also call the 24-hour toll free **HOPE NOW** hotline at **888-995-HOPE (888-995-4673)**.  **HOPE NOW** is an alliance of HUD approved counseling agents, servicers, investors, and mortgage lenders that provide free foreclosure assistance.

Other resources can be found on the internet.  Websites like http://www.KnowYourOptions.com, http://makinghomeaffordable.gov, and http://www.hud.gov are agency or government sponsored websites available to you.

THIS IS AN ATTEMPT BY A DEBT COLLECTOR TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Notice to Consumers presently in Bankruptcy or who have a Bankruptcy Discharge:  If you are a debtor presently subject to a proceeding in Bankruptcy Court, or if you have previously been discharged from this debt by a Federal Bankruptcy Court, this communication is not an attempt to collect a debt but is sent for informational purposes only or to satisfy certain Federal or State legal obligations.

# EXHIBIT D

Appraisal of Home

 **CALIBER HOME LOANS**

1/30/2015

ARNULFO E ESTRADA                                          Loan Number: 9803479220
1506 S GILBERT ST
FULLERTON, CA 92833-4307

Re:  Valuation for Mortgage Loan # 9803479220

Dear ARNULFO E ESTRADA,

Enclosed, please find a copy of the valuation report(s) Caliber Home Loans, Inc. (Caliber) received in connection with your request for a Modification. As part of the underwriting package for your Modification request, Broker Price Opinions and other valuation products are used to estimate the current value of the property securing your loan.

Broker Price Opinions and Automated Valuations, ("AVMs") are the most common valuation types for Loan Modifications. In the rare event an appraisal is obtained for a loan modification, it will be delivered to you.

Please note that the valuations were prepared by third parties.  Caliber does not take responsibility for the accuracy or contents of the appraisal reports prepared by independent real estate agents or valuation providers.  The Broker Price Opinion is typically based on an exterior inspection and public record information only and a complete inspection, including an inspection of the property's interior condition, may result in a different opinion of value.

If you have questions about any of the valuations received, please contact us at 800-401-6587.

Sincerely,

Caliber Home Loans

**THIS IS AN ATTEMPT BY A DEBT COLLECTOR TO COLLECT A CONSUMER DEBT AND ANY INFORMATION WILL BE USED FOR THAT PURPOSE.**

**Notice to Consumers presently in Bankruptcy or who have a Bankruptcy Discharge: If you are a debtor presently subject to a proceeding in Bankruptcy Court, or if you have previously been discharged from this debt by a Federal Bankruptcy Court, this communication is not an attempt to collect a debt but is sent for informational purposes only or to satisfy certain Federal or State legal obligations.**

3701 Regent Blvd, Ste 200, Irving, Texas 75063 | www.caliberhomeloans.com | NMLS # 15622

 ClearCapital

Caliber Drive-By
1506 S GILBERT ST, FULLERTON, CA 92833

Please Note: This report was completed with the following assumptions: Market Approach: Fair Market Price, Marketing Time: 90–120 Days. Important additional information relating to this report, including use and restrictions, is contained in an attached addendum which is an integral part of this report.

| Address: | 1506 S Gilbert St, Fullerton, CA 92833 | Inspection Type: | Exterior |
|---|---|---|---|
| Borrower: | ARNULFO E ESTRADA | APN: | 071-433-05 |

### I. Order Information

| Insp. Date: 1/28/2015 | Deal Name: | 20150127_1pm_BPOEXT | | Loan#: 9803479220 |
|---|---|---|---|---|
| Client: Caliber Home Loans | Vendor Tracking. ID: | 20150127_1pm_BPOEXT | | Broker ID: CA-00918291 |
| Agent Name: Manuel Frank Jesolva | Brokerage: Century 21 Westworld | | Broker's Dist. from Subj.: 3.83 ml | Agt. Ph.: 562-805-3688 |

### II. Subject Property Information

| Occupied: Owner Occupied | Property Type: SFR | HOA Fees: | Zoning: Residential – 1 Unit |
|---|---|---|---|
| Last Sold Date: 04/01/98 | Last Sale Price: $153,000 | Data Source: Tax records | Currently Listed (y/n): No |
| Agent Name: | Initial List Price: $ | Initial List Date: | Current List Price: |
| Last Reduction Date: | MLS: | School District: Fullerton Joint | Est. Monthly Rent: $2000 |

Are the improvements visible from the road? Visible

Subject Property Comments / External Influences: Subject appears to be in overall average condition with good landscaping, similar to most in the area.

### III. Neighborhood Information

| Location Type: Suburban | Supply/ Demand: In Balance | Market Trend: stable |
|---|---|---|
| Price Range: $300,000 to $650,000 | Median Price: $450,000 | Median Site Size: 0.11 Ac. |
| Avg Marketing Time: Less than 3 mos | Median GLA: 1200 | Median Year Built: 1950 |
| Total Listings: 38 | # Fair Market Listings: 37 | # REO/Foreclousre Listings: 1 |

Neighborhood Comments: Suburban residential neighborhood. It is in close proximity to schools, parks, shopping and other necessary public and private services. REO and short sale activity in the area with no boarded homes.

### IV. Comparable Properties

| | Subject | Sale #1 | Sale #2 | Sale #3 | Listing #1 | Listing #2 | Listing #3 |
|---|---|---|---|---|---|---|---|
| Address | 1506 S Gilbert St | 1339 N Devinshire Rd | 2123 W Houston Av | 1715 W Southgate Av | 1308 N Columbine Pl | 2025 W Houston Av | 1600 S Locust Dr |
| Zip | 92833 | 92801 | 92833 | 92833 | 92801 | 92833 | 92833 |
| Subdivision Name | Unknown | Unknown | Unknown | Unknown | Unknown | Unknown | Unknown |
| Data Source | Tax records | MLS | MLS | MLS | MLS | MLS | MLS |
| Proximity | | 0.23 | 0.12 | 0.69 | 0.74 | 0.18 | 0.59 |
| School District | Fullerton Joint | Fullerton Joint | Fullerton Joint | Fullerton Joint | Fullerton Joint | Fullerton Joint | Fullerton Joint |
| Sale Price | $153,900 | $425,000 | $400,000 | $479,900 | | | |
| Sale Date | 04/01/1998 | 12/31/2014 | 12/4/2014 | 12/1/2014 | | | |
| Orig. List Price | | $439,900 | $410,000 | $499,900 | $425,000 | $447,900 | $499,000 |
| Orig. List Date | | 09/20/2014 | 10/05/2014 | 09/10/2014 | 12/02/2014 | 01/23/2015 | 06/15/2014 |
| Curr./Final List Price | | $425,000 | $410,000 | $469,000 | $410,000 | $447,900 | $459,000 |
| Sales Type | | Fair Market | Fair Market | Fair Market | Fair Market | REO | Fair Market |
| Price Per SF | ($319/ft)³ | ($300/ft)³ | ($298/ft)³ | ($369/ft)³ | ($299/ft)³ | ($333/ft)³ | ($335/ft)³ |
| DOM | | 76 | 9 | 70 | 56 | 4 | 226 |
| Lot Size | 0.16 Ac. | 0.15 Ac. | 0.18 Ac. | 0.17 Ac. | 0.15 Ac. | 0.16 Ac. | 0.14 Ac. |
| View | None | None | None | None | None | None | None |
| Design/Style | Traditional/1 Stry | Traditional/1 Stry | Traditional/1 Stry | Traditional/1 Stry | Traditional/1 Stry | Traditional/1 Stry | Traditional/1 Stry |
| Type/# Units | SFR/1 | SFR/1 | SFR/1 | SFR/1 | SFR/1 | SFR/1 | SFR/1 |
| Age | 59 | 60 | 59 | 61 | 61 | 59 | 61 |
| Renovated Per MLS? | Undisclosed | No | No | Yes | No | Yes | No |
| Condition | Average | Average | Average | Average | Average | Average | Average |
| Above Grade SF | 1347 sq. ft | 1415 sq. ft | 1344 sq. ft | 1300 sq. ft | 1369 sq. ft | 1347 sq. ft | 1370 sq. ft |
| # Rooms/BD/BTH/HBTH | 5/3/2/0 | 5/3/2/0 | 5/3/2/0 | 6/4/2/0 | 6/4/2/0 | 5/3/2/0 | 6/4/2/0 |
| Basement SF | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| % Finished | 0% | 0% | 0% | 0% | 0% | 0% | 0% |
| Garage Type | Att. | Att. | Att. | Att. | Det. | Att. | Att. |
| # Garage Stalls | 2 | 2 | 2 | 2 | 2 | 2 | 2 |
| Pool/Spa | No / No | No / No | Yes / No | No / No | No / No | No / No | No / No |
| Other Features | None | None | None | None | None | None | None |
| HOA Fees | $0 | $0 | $0 | $0 | $0 | $0 | $0 |

COMPARABLE PROPERTY COMMENTS:

Sale #1: Standard sale, similar to the subject in both room count and square footage.

Sale #2: Standard sale, both room count and square footage are similar to the subject.

Sale #3: Standard sale, superior with some upgrades and in room count with a similar square footage.

Listing #1: Standard sale, superior room count to the subject with a similar square footage.

Listing #2: REO property, both room count and square footage are similar to the subject with some upgrades.

Listing #3: Standard sale, superior to the subject in room count with a similar square footage.

IX. Property Images (continued)
1506 S GILBERT ST, FULLERTON, CA 92833, Loan: 9803479220 As-Is Price: $430,000 As-Repaired Price: $430,000



'Subject: 1506 S GILBERT ST' [View: Address Verification]



'Subject: 1506 S GILBERT ST' [View: Street]

# EXHIBIT E

Mortgage Coupon with Increased Payment

HOME LOANS  PO Box 619063  Dallas TX 75261

Mortgage Statement
Statement Date: 06/16/2014

If you have questions or concerns about your statement, please contact us at 1-800-401-6587 between the hours of 8:00am and 6:00pm Monday through Friday (CST).

Email us at customerservice@CaliberHomeLoans.com or visit our website at http://www.caliberhomeloans.com.

0-759-58072-0013240-003-1-001-010-000-000

ARNULFO E ESTRADA
DENISE L ESTRADA
1506 S GILBERT ST
FULLERTON CA 92833-4307

| Account Number | 9803479220 |
|---|---|
| Payment Due Date | 07/08/14 |
| **Amount Due** | **$27,201.79** |

If payment is received after 07/18/14, a $0.00 late fee will be charged.

Property Address: 1506 S GILBERT ST
FULLERTON CA 928334307

| Account Information | |
|---|---|
| Outstanding Principal | $480,144.21 |
| Interest Rate | 7.63400% |
| Prepayment Penalty | No |
| Deferred Fees | $0.00 |
| Deferred Principal | $0.00 |
| Deferred Interest | $63,038.07 |
| Deferred Escrow | $0.00 |
| Unapplied Funds | $17.99 |
| Maturity Date | 02/08/2047 |
| Current Escrow Balance | $0.00 |

| Explanation of Amount Due | |
|---|---|
| Principal | $286.48 |
| Interest | $3,050.91 |
| Escrow (Taxes, Insurance, or PMI) | $0.00 |
| Optional Products | $0.00 |
| Ancillary | $0.00 |
| **Regular Monthly Payment** | **$3,337.39** |
| Past Due Amount | $6,674.78 |
| Total Fees Charged | $17,075.88 |
| Uncollected Late Charges | $131.73 |
| Less: Unapplied | $17.99 |
| **Total Amount Due** | **$27,201.79** |

Payment processing cutoff time is Noon, 12:00pm CST Monday thru Friday. Payments received after Noon, 12:00pm CST will be processed the next business day.

| Past Payments Breakdown: | Paid Last Month | Paid Year-To-Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow (Taxes, Insurance, or PMI) | $0.00 | $0.00 |
| Fees | $0.00 | $0.00 |
| Late Charges | $0.00 | $0.00 |
| Unapplied Balance | $0.00 | $17.99 |
| Total | $0.00 | $17.99 |

| Transaction Activity (06/06/14 - 06/16/14) | | | |
|---|---|---|---|
| Date | Description | Charges | Payments |
| 06-06-2014 | Taxes Paid On Your Behalf | $17,075.88 | |

CK 243
2533.00
7-7-14

**Important Messages**

This is an attempt by a debt collector to collect a consumer debt and any information obtained will be used for that purpose.

'Partial Payments: Any partial payments that you make are not applied to your mortgage, but instead are held in a separate suspense account. If you pay the balance of a partial payment, the funds will then be applied to your mortgage.

We show that you have accepted a loan modification on your loan.

PLEASE WRITE YOUR ACCOUNT NUMBER ON YOUR CHECK AND RETURN THE BOTTOM PORTION

**EXHIBIT A**
**PAGE 61**

05/21/2015  11:11  7148704108          UPS STORE FULLERTON          PAGE  01

1 | **Mark S. Martinez, Esq. #293489**
   | 17272 Newhope St., Ste J
2 | Fountain Valley, CA 92708
   | (714) 442-9741 Phone
3 | (714) 442-9741 Fax

4 | Attorney for Plaintiff, DENISE ESTRADA

5

6

7

8

9 | SUPERIOR COURT OF CALIFORNIA

10 | COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

11

12 | DENISE ESTRADA,                          CASE No: 30-2015-00788477-CJ-OR-CJC

13 |           Plaintiff,                     **DECLARATION OF DENISE ESTRADA IN SUPPORT OF**
   |                                          **PLAINTIFFS' EX PARTE APPLICATION FOR**
   | v.                                       **TEMPORARY RESTRAINING ORDER AND ORDER TO**
14 |                                          **SHOW CAUSE RE: PRELIMINARY INJUNCTION**
   | CALIBER HOME LOANS, INC
15 | AND SUMMIT
   | MANAGEMENT COMPANY,
16 | LLC AND DOES 1-100,
   | inclusive
17 |                                          **Date: May 22, 2015**
   |           Defendants.                    **Time: 8:30 a.m.**
18 |                                          **Dept: C17**

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF DENISE ESTRADA IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION**

1

1 | **Mark S. Martinez, Esq. #293489**
2 | 17272 Newhope St., Ste J
Fountain Valley, CA 92708
3 | (714) 442-9741 Phone
(714) 442-9741 Fax

4 | Attorney for Plaintiff, DENISE ESTRADA

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
05/22/2015 at 01:59:00 PM
Clerk of the Superior Court,
By Fidel Ibarra,Deputy Clerk

5

6

7

8

9 | SUPERIOR COURT OF CALIFORNIA

10 | COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

11

12 | DENISE ESTRADA,

Plaintiff,

13 | v.

14 | CALIBER HOME LOANS, INC
AND SUMMIT
15 | MANAGEMENT COMPANY,
LLC AND DOES 1-100,
16 | inclusive

17 | Defendants.

18

CASE No: 30-2015-00788477-CJ-OR-CJC

**AMENDED DECLARATION OF DENISE ESTRADA IN
SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION
FOR TEMPORARY RESTRAINING ORDER AND ORDER
TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**

**Date: May 22, 2015**
**Time: 8:30 a.m.**
**Dept: C17**

19

20

21

22

23

24

25

26

27

28

---

**AMENDED DECLARATION OF DENISE ESTRADA IN SUPPORT OF PLAINTIFF'S EX PARTE
APPLICATION**

1

EXHIBIT A
PAGE 63

I, Denise Estrada, declare the following:

1. I am a resident of the County of Orange. I am over the age of 18. I am a plaintiff in the above-entitled action. I have personal knowledge of the facts herein and, if called as a witness, I can and will competently testify the following to be true:

2. On or around April 1, 1998 I purchased the Subject Real Property, 1506 S. Gilbert Street, Fullerton, CA 92833. I have lived there for 17 years and it is valued as of late January 2015 to be worth $430,000.00. **See Exhibit D attached hereto.**

3. The Subject Property contains no more than four dwelling units and is owner-occupied. The Subject Property is the principal residence for my daughter Monica Estrada and me. The loan was made for personal, family, or household purposes.

4. I own the Subject Property subject to a Deed of Trust, recorded on April 1, 1998, in the Official Records of the County Recorder's Office of Orange, securing a first lien mortgage security interest for an original loan balance of $153,000.

5. In the year 2012, my husband unexpectedly passed away which created a huge emotional and financial burden. After his death, I was so distraught that I had to leave work on disability.

6. While I was on disability leave, I was astoundingly let go from work. This was not only shocking, but furthered added insult to injury.

7. Shortly after I had to file for unemployment and started to receive food stamps. My world was turned upside down and I am on the verge of losing the house in which my husband and I raised our kids.

8. On or around May 31, 2014 my loan was transferred from HSBC to Caliber. Before the transfer, I was told by a HSBC representative that the only way to get reviewed for a loan modification was to reinstate my loan. At this point, I took all of savings and a massive

---

AMENDED DECLARATION OF DENISE ESTRADA IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION

2

EXHIBIT A
PAGE 64

amount from my husband's life insurance to make my account current. The check was
endorsed for $43,439.25.

9. After the check was sent, I called to make sure that it was properly handled and deposited.
When I called HSBC, I was dumbfounded to hear that the check was not sufficient to
reinstate my loan.

10. At this point, I sought assistance to obtain a loan modification and was successful in
receiving a six-month loan modification. After the modification ended, I applied for a more
concrete modification so I could achieve my mortgage payments long-term.

11. I was granted a loan modification in January 2014 that was twelve months. During the
period of the agreed loan modification, my loan was transferred to Caliber.

12. At this time my mortgage coupons did not reflect the loan modification terms, but rather
that I owed monthly payments of $3,337.39. **See Exhibit E attached hereto.** I called to
ask about the discrepancy, and was told there was no evidence of a loan modification and the
payment has always been $3,337.39. Additionally, Caliber homes explained to me that the
only way to be reviewed for a loan modification is to be delinquent. This was contradicting
from the past lender, as I was first told to pay a gigantic lump sum to reinstate my loan then
told it was not enough. I then was transferred to a new lender, and told that they would not
honor my loan modification and that I would now need to be delinquent in order to be
considered for a loan modification review.

13. This was very confusing and I continued to pay the agreed mortgage payment of $2,533.00
as I was abiding by the terms of the loan modification. Briefly after, I received statements
that my payment(s) were not full and would be held until I paid the remaining balance.

14. When my contract was not honored, I attempted to seek assistance from Caliber in order to
save my home. Since Caliber has possessed my loan I have not been assigned a single

---

**AMENDED DECLARATION OF DENISE ESTRADA IN SUPPORT OF PLAINTIFF'S EX PARTE
APPLICATION**
3

EXHIBIT A
PAGE 65

point of contact.  Instead, a letter signed "SPOC Department" that I received from Caliber used detailed language such as "Please contact me" and "I am available between the hours…" and then provided the following number: "800-401-6587 ext. 0." **See Exhibit C attached hereto.**  What makes matters even more frustrating, when this number is dialed, it instructs the caller to enter "9" to enter an extension.  After "9" is inputted, "0" is entered and then the caller is told "the number you entered does not appear to be a valued extension."

15. Furthermore, when I received the Notice of Default I was stunned to have read that Caliber claimed to have attempted to contact me via telephone to discuss my financial situation.  I reviewed my T-Mobile phone records with my attorney and there appears to be no record of Caliber or any of its associates contacting me on November 14, 2014. **Attached hereto as Exhibit A.**  My phone number is on record with Caliber.  After reading the statute provided on the NOD, I can confidentially state that I did not receive any of the required phone calls on the date Caliber alleged to have done its due diligence nor did I receive first class mail from Caliber in the alternative.

16. Likewise, when I would turn in any documentation to Caliber I was not properly communicated with.  I did not receive any itemized list of the documents I provided and instead would receive generic and vague letters.

17. At all times I have been ready, willing and able to be reviewed for a loan modification foreclosure alternative.

Executed on May 21, 2015 in the City of Fullerton, CA.

x_____

Denise Estrada

**AMENDED DECLARATION OF DENISE ESTRADA IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION**
4

1  **Mark S. Martinez, Esq. #293489**
   17272 Newhope St., Ste J
2  Fountain Valley, CA 92708
   (714) 442-9741 Phone
3  (714) 442-9741 Fax

4  Attorneys for Plaintiff, DENISE ESTRADA

5

6

7

8

9                    SUPERIOR COURT OF CALIFORNIA

10        COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

11
   DENISE ESTRADA,                    CASE No: 30-2015-00788477-CU-OR-CJC
12
          . Plaintiff,                **DECLARATION OF MARTIN PACHECO IN SUPPORT**
13                                     **OF PLAINTIFF EX PARTE APPLICATION FOR**
   v.                                  **TEMPORARY RESTRAINING ORDER/90 DAY STAY**
14                                     **AND ORDER TO SHOW CAUSE RE: PRELIMINARY**
   CALIBER HOME LOANS, INC             **INJUNCTION**
15 AND SUMMIT MANAGEMENT
   COMPANY, LLC AND DOES 1-
16 100, inclusive,

17        Defendants.                  **Date: May 22, 2015**
                                       **Time: 8:30 a.m.**
18                                     **Dept: C 17**

19

20        I, Martin Pacheco, hereby declare as follows:

21 1. I am a resident of the County of Orange. I am over the age of 18. I work with the Law Offices

22    of Mark S. Martinez, Esq., counsel of record for plaintiff Denise Estrada.

23
   2. I have personal knowledge of the facts herein, and if called as a witness, I would competently
24
      testify to their veracity in court.
25

26 3. I gave telephonic notice of this ex parte hearing to the defendants Caliber Home, INC.,

27    ("Caliber"),  and Summit Management Company, LLC ("Summit"), (collectively,

28    "Defendants"), via telephone, on May 21, 2015, prior to 10:00 a.m.

   ───────────────────────────────────────────────────────────
          **DECLARATION OF MARTIN PACHECO RE: NOTICE OF EX PARTE**
                                    1

EXHIBIT A
PAGE 67

4. In addition, on May 21, 2015, I provided written notice of this ex parte hearing to Summit via facsimile. A true and correct copy of the notice, along with the fax confirmation sheets, are attached hereto as **Exhibit B.**

    a. I spoke with a representative of Summit by the name of Cindy Stewart. I informed Cindy that on May 22, 2015, at 8:30 a.m., in Department C17, of Superior Court of California, County of Orange, Central Justice Center located at 700 Civic Center Drive Santa Ana, CA 92701, Plaintiffs will move the court, *ex parte*, for a temporary restraining order and preliminary injunction to stop any sale, advertising, or foreclosure activity of any kind with respect to the sale or foreclosure of Plaintiff's property, located at 1506 S. Gilbert St., Fullerton, CA 92833.

    b. I asked Cindy if there was anyone else at Summit that I should call and relay the ex parte hearing information to Cindy responded that Caliber will need to be notified. I explained that I have already provided telephonic notice and they will also receive written notice. I also asked Cindy if opposition is expected and Cindy stated she does not know. I informed Cindy that we would fax written notice shortly after our conversation

5. Finally, on May 21, 2015, at 9:15 a.m. I provided telephonic notice of this ex parte hearing to Caliber by calling the customer service phone number 1-800-401-6587, provided on its website: www.caliberhomeloans.com

    a. I spoke with a representative of Caliber by the name of Trinidad.

    b. I informed Trinidad that our office will fax written notice shortly after our conversation and that on May 22, 2015, at 8:30 a.m. in Department C17, of Superior Court of California, County of Orange, Central Justice Center located at 700 Civic Center Drive Santa Ana, CA 92701 Plaintiffs will move the Court, *ex parte*, for a temporary restraining order and preliminary injunction to stop any sale, advertising, or foreclosure activity of any

kind with respect to the sale or foreclosure of Plaintiff's property, located at 1506 S.

Gilbert St., Fullerton, CA 92833.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 21, 2015, in the City of Fountain Valley, State of California.


Martin Pacheco

---

**DECLARATION OF MARTIN PACHECO RE: NOTICE OF EX PARTE**

3

EXHIBIT A
PAGE 69

Mark S. Martinez, Esq. #293489
17272 Newhope St., Ste J
Fountain Valley, CA 92708
(714) 442-9741 Phone
(714) 442-9741 Fax

Attorney for Plaintiff, DENISE ESTRADA

FILED
ORANGE COUNTY SUPERIOR COURT

MAY 22 2015

ALAN CARLSON, EXECUTIVE OFFICER/CLERK

BY: _____ L. Silva _____ DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| DENISE ESTRADA,<br><br>            Plaintiff,<br><br>v.<br><br>CALIBER HOME LOANS, INC AND SUMMIT MANAGEMENT COMPANY, LLC AND DOES 1-100, inclusive<br><br>            Defendants. | CASE No: 30-2015-00788477-CJ-OR-CJC<br><br>**ORDER RE: EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER/90 DAY STAY ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION** |

Plaintiffs' Ex Parte Application for a Temporary Restraining Order/90 Day Stay and Order to Show Cause re: Preliminary Injunction came on a regularly for hearing on **May 22, 2015**.

After considering the moving papers filed in this action, the court finds (1) that this is a proper case for issuance of an order to show cause and, (2) unless the Court issues a temporary restraining order, Plaintiffs will suffer irreparable injury before the matter can be heard on a formal notice.

Accordingly, and for good cause shown, the Court orders:

EXHIBIT A
PAGE 70

1   **ORDER TO SHOW CAUSE**
2   **IT IS ORDERED** that Defendants appear before this court in Department C-17 on 6/24/15 at
3   2:00 pm to show cause why a preliminary injunction should not be issued enjoining it and its agents
4   from any further action or proceedings regarding the trustee sale of the real property commonly known
5   as **1506 S. Gilbert Street, Fullerton, CA 92833**. This Court is located at 700 Civic Center Drive West,
6   Santa Ana, CA 92701.
7       Plaintiffs shall serve a copy of the Complaint, Declarations and Ex parte Application together
8
9   with a copy of this Order to Show Cause, and temporary restraining order by personal service
10  ~~on Defendants no later than 5/27/15~~. Any Opposition
11  must be filed and served by ~~per code~~ no later than 6/12/15. If after reviewing
12  the opposition, Plaintiff considers a Reply necessary and appropriate, he must file and serve it by
13  per code no later than 6/17/15. Proof of service of this Order to Show
14  Cause must be delivered to this court no later than 6/5/15.
15
16
17  **TEMPORARY RESTRAINING ORDER**
18  **IT IS FURTHER ORDERED** that pending the hearing and determination of the order to show
19  cause, Defendants and their agents, servants, employees, and representatives, and all personas acting in
20  concert or participating with them, should be enjoined and restrained during the pendency of this action
21  from engaging in, committing or performing, directly or indirectly, any and all of the following acts:
22  proceeding with a foreclosure, sale or otherwise in any way transferring, further encumbering or in any
23  way adversely affecting the real property identified as **1506 S. Gilbert Street, Fullerton, CA 92833**.
24
25
26
27  Dated: 5-22-15                                    JUDGE Griffin
28

# EXHIBIT B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Caliber Home Loans, INC and Summit Management Company, LLC
and DOES 1-100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Denise Estrada

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Central Justice Center<br><br>700 West Civic Center Drive.<br>Santa Ana, CA 92701 | **CASE NUMBER:**<br>*(Número del Caso):*<br>30-2015-00788477-CU-OR-CJC |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark S. Martinez 17272 Newhope St., Ste J. Fountain Valley, CA 92708 Ph# 714-442-9741

| | | |
|---|---|---|
| DATE: **0 5/28/15**<br>*(Fecha)* | Clerk, by _____<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☑ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☑ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**EXHIBIT B**
**PAGE 73**

# EXHIBIT C

EXHIBIT C
PAGE 74

Case Summary:

| Case Id: | 30-2015-00788477-CU-OR-CJC |
|---|---|
| Case Title: | DENISE ESTRADA VS. CALIBER HOME LOANS, INC. |
| Case Type: | OTHER REAL PROPERTY |
| Filing Date: | 05/20/2015 |
| Category: | CIVIL - UNLIMITED |

Register Of Actions:

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 1 | E-FILING TRANSACTION 4380550 RECEIVED ON 05/20/2015 12:30:24 AM. | 05/20/2015 | | *NV* | |
| 2 | COMPLAINT FILED BY ESTRADA, DENISE ON 05/20/2015 | 05/20/2015 | | 24 pages | ☐ |
| 3 | CIVIL CASE COVER SHEET FILED BY ESTRADA, DENISE ON 05/20/2015 | 05/20/2015 | | 2 pages | ☐ |
| 4 | PAYMENT RECEIVED BY FOR 194 - COMPLAINT OR OTHER 1ST PAPER IN THE AMOUNT OF 435.00, TRANSACTION NUMBER 11787075 AND RECEIPT NUMBER 11611403. | 05/20/2015 | | 1 pages | |
| 5 | CASE ASSIGNED TO JUDICIAL OFFICER GRIFFIN, CRAIG ON 05/20/2015. | 05/20/2015 | | 1 pages | |
| 6 | E-FILING TRANSACTION 4381389 RECEIVED ON 05/21/2015 11:15:47 AM. | 05/21/2015 | | *NV* | |
| 7 | EX PARTE APPLICATION - OTHER FILED BY ESTRADA, DENISE ON 05/21/2015 | 05/21/2015 | | 37 pages | ☐ |
| 8 | PAYMENT RECEIVED BY FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 60.00, TRANSACTION NUMBER 11787888 AND RECEIPT NUMBER 11612211. | 05/21/2015 | | 1 pages | |
| 9 | EX PARTE SCHEDULED FOR 05/22/2015 AT 08:30:00 AM IN C17 AT CENTRAL JUSTICE CENTER. | 05/21/2015 | | *NV* | |
| 10 | ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION SCHEDULED FOR 06/24/2015 AT 02:00:00 PM IN C17 AT CENTRAL JUSTICE CENTER. | 05/22/2015 | | *NV* | |
| 11 | THE ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION IS SCHEDULED FOR 06/24/2015 AT 02:00 PM IN DEPARTMENT C17. | 05/22/2015 | | *NV* | |
| 12 | MINUTES FINALIZED FOR EX PARTE 05/22/2015 08:30:00 AM. | 05/22/2015 | | 1 pages | ☐ |
| 13 | ORDER GRANTING (TRO/OSC PRELIMINARY INJ.) FILED BY ESTRADA, DENISE ON 05/22/2015 | 05/22/2015 | | 2 pages | ☐ |
| 14 | E-FILING TRANSACTION 4382229 RECEIVED ON 05/22/2015 01:59:54 PM. | 05/22/2015 | | *NV* | |
| 15 | DECLARATION FOR TEMPORARY RESTRAINING ORDER (AMENDED) FILED BY ESTRADA, DENISE ON 05/22/2015 | 05/22/2015 | | 4 pages | ☐ |
| 16 | E-FILING TRANSACTION 4382261 RECEIVED ON 05/22/2015 02:23:31 PM. | 05/22/2015 | | *NV* | |
| 17 | EXHIBIT LIST FILED BY ESTRADA, DENISE ON 05/22/2015 | 05/22/2015 | | 2 pages | ☐ |
| 18 | EXHIBIT LIST FILED BY ESTRADA, DENISE ON 05/22/2015 | 05/22/2015 | | 1 pages | ☐ |
| 19 | E-FILING TRANSACTION 4382876 RECEIVED ON 05/26/2015 12:57:03 PM. | 05/26/2015 | | *NV* | |
| 20 | EXHIBIT LIST FILED BY ESTRADA, DENISE ON 05/26/2015 | 05/26/2015 | | 5 pages | ☐ |
| 21 | E-FILING TRANSACTION 3291904 RECEIVED ON 05/27/2015 12:41:45 PM. | 05/27/2015 | | *NV* | |
| 22 | PROOF OF SERVICE OF 30-DAY SUMMONS & COMPLAINT - PERSONAL FILED BY ESTRADA, DENISE ON 05/27/2015 | 05/27/2015 | | 4 pages | ☐ |
| 23 | CASE MANAGEMENT CONFERENCE SCHEDULED FOR 10/21/2015 AT 09:00:00 AM IN C17 AT CENTRAL JUSTICE CENTER. | 06/10/2015 | | 2 pages | ☐ |

Participants:

| Name | Type | Assoc | Start Date | End Date |
|---|---|---|---|---|
| CALIBER HOME LOANS, INC. | DEFENDANT | | 05/20/2015 | |
| DENISE ESTRADA | PLAINTIFF | | 05/20/2015 | |
| SUMMIT MANAGEMENT COMPANY, LLC | DEFENDANT | | 05/20/2015 | |
| MARK S. MARTINEZ | ATTORNEY | | 05/20/2015 | |

Hearings:

| Description | Date | Time | Department | Judge |
|---|---|---|---|---|
| CASE MANAGEMENT CONFERENCE | 10/21/2015 | 09:00 | C17 | GRIFFIN |
| ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION | 06/24/2015 | 02:00 | C17 | GRIFFIN |

Print this page

**EXHIBIT C
PAGE 75**